## Davis v. Butler.

(Decided April 27, 1923.)

### Appeal from Pike Circuit Court.

1. Husband and Wife—Prior Actions of Defendant are Admissible to Show Alienation Within Period of Limitation.—In an action for alienation of affections, conduct by defendant more than five years before the commencement of the action, which is the period of limitation of such actions under Ky. Stats., section 2515, is admissible to show the subsequent accomplishment of the alienation of affections within the period of limitations.

2. Husband and Wife—Instructions Should Limit Accomplishment of Alienation to Period of Limitations.—In an action for alienation of affections, begun after prior similar actions had been dismissed, where evidence of conduct by defendant more than five years be-

fore the institution of the suit was admitted, it was error for the instructions not to limit the accomplishment of the alienation to the period of five years next before the institution of the present suit, and subsequent to the prior dismissal.

3. Witnesses—Questions Held Erroneous as Containing Conclusion of Interrogator.—Questions asked plaintiff, in an action for alienation of affection, whether her husband was as affectionate toward her after he became associated with defendant, and as to what difference being under defendant's control made with him towards plaintiff, were' both objectionable, as embodying a conclusion of the interrogator.

4. Evidence—Hearsay Statement on Cross-Examination Held Incompetent.—Where plaintiff was cross-examined as to her means of knowledge with respect to a fact stated by her on direct examination, an answer to a question whether she was not merely guessing that she knew the fact to be true, because another told her that he knew it, was clearly incompetent and prejudicial, and should be excluded on defendant's motion.

5. Husband and Wife—Evidence of Reputation of Defendant is Inadmissible.—In an action for alienation of affections, it was error to permit evidence of the reputation of defendant's house, and to show that it was reputed that plaintiff's husband frequented the house for the purpose of illicit intercourse with defendant.

6. Husband and Wife—Declaration by Husband Out of Defendant's Presence is Inadmissible.—In an action for alienation of affections, a statement by plaintiff's husband, made out of defendant's presence, that he had made a mistake by getting mixed up with that woman, was incompetent.

WILLS STATON, O. A. STUMP and JOHN D. CARROLL for appellant.

STRATTON & STEPHENSON and ROSCOE VANOVER for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

This appeal is prosecuted from a judgment of the Pike circuit court for $5,000.00 obtained by the appellee, Ida Butler, against appellant, Phoeba A. Davis, for alienation of the affection of appellee's husband, John F. Butler.

Prior to the filing of this action appellee had filed two other suits against appellant on a like cause. One was instituted in 1908 and the other in 1914. Both were dismissed on appellee's motion. The proceedings in those cases and the orders of dismissal were pleaded by appellant in bar of the right to prosecute the present case. She also pleaded, in separate paragraphs, the one, five and

ten years' statutes of limitation in bar of the prosecution of the action.

It is first contended for appellant, on the authority of Scott v. O'Brien, 129 Ky. 1, and Merritt v. Cravens, 168 Ky. 155, that she was entitled to a directed verdict at the conclusion of the plaintiff's evidence. With the view of establishing this contention counsel have indulged in an elaboration of the evidence. We do not consider it necessary to review the discussion in this opinion, since we have concluded that the circumstances and facts disclosed in the record undoubtedly authorize the deduction that the husband's affections were alienated by appellant. That being true it was proper for the trial court to overrule the motion for a peremptory instruction.

The second contention is that the court erroneously permitted appellee to prove facts that occurred prior to 1914. It is said by counsel that nothing that occurred between John F. Butler and appellant prior to 1914 was admissible in evidence, because the dismissal of the suit instituted at that time was an adjudication of all facts occurring previously to its dismissal, and operated as a bar to an action for any alienation theretofore occurring. It may be conceded that the dismissal of that suit was an adjudication of any alienation occurring theretofore. Nevertheless, evidence of the conduct and practice of the alienator over a course of years, eventuating in the alienation, is competent to show its subsequent accomplishment. The evidence complained of was, in our opinion, admissible for the purpose of showing the consummation of the alienation subsequent to the dismissal of the former suit, and within five years from the date of the filing of this action, which under section 2515 of Kentucky Statutes is the period of limitation applicable to it. However, we deem it proper to say that the instructions are erroneous in failing to restrict the accomplishment of the alienation to that period that had elapsed since the dismissal of the former suit and to a period of five years next before the institution of this action, since if it was previously accomplished there could be no recovery.

Complaint is also made of some of the testimony admitted. To a part of it objections were made and exceptions taken. An illustration of the character of questions frequently propounded is found in the evidence of appellee. She was asked by her counsel to tell the jury whether her husband was as affectionate towards her after he became associated with appellant as he had there-

tofore been, to which she replied that he was not. She was then asked: "And being under her control, what difference did that make with him toward you?" Both of these questions embodied a conclusion of the interrogator and were objectionable for that reason. On the cross-examination of appellee she was examined in respect to a statement that she had made to the effect that her husband and appellant had gone to Lexington or Winchester together. The examination was for the purpose of showing that her statement was based on rumor, and, when asked if she was not merely guessing at that conclusion, she stated that she knew it to be true because "Bill May told me that he knew they did." Counsel moved to exclude this answer, but it was overruled, although clearly incompetent and prejudicial.

Again the court permitted appellee to prove, over the objection of appellant, the reputation of the latter's house, and, following the same line of interrogation, to show that it was reputed that the husband of appellee frequented the house for the purpose of illicit intercourse with appellant, and also to show that it was so rumored about the town and in the neighborhood. Another witness for appellee testified to a conversation with her husband, in which the husband stated that he had made a mistake "by getting mixed up with this woman." Appellant was not present at the conversation, could not be charged with knowledge of it, and necessarily, therefore, was immune from its effect. To permit it to go to the jury was error. Other testimony of the character indicated was introduced on the trial. All of it was incompetent. That its effect was prejudicial is beyond doubt.

Because of these errors the judgment is reversed and the cause remanded for further proceedings consistent with this opinion.