(109 So. 754)

**VEAL v. CONN. (8 Div. 877.)**

(Supreme Court of Alabama. Oct. 14, 1926.)

**1. Evidence ⚖︎317(2).**

In action for alienation of wife's affections, testimony that wife told witness defendant would pay her house rent was inadmissible as hearsay.

**2. Husband and wife ⚖︎333(4).**

In action for alienation of wife's affections, permitting testimony that defendant's son told witness that, if plaintiff's wife stayed at house of defendant, defendant's son told his wife that he would not stay there, was error.

**3. Husband and wife ⚖︎333(2) — Defendant, sued for alienation of affections of plaintiff's wife, should have been allowed to show his visits to plaintiff's home were to collect debt.**

In action for alienation of wife's affections, after plaintiff offered evidence of visits by defendant to his home after he and his wife had moved from defendant's home, defendant should have been permitted to show plaintiff was indebted to him, and visits were made to collect indebtedness.

**4. Husband and wife ⚖︎335.**

In action for alienation of wife's affections, instruction that, if defendant had caused plaintiff's wife to cease loving him, to find for plaintiff, was error.

Appeal from Circuit Court, Marshall County; Leon McCord, Judge.

Action by Samuel A. Conn against Richard Veal. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Revived in name of Mary A. Conn, administratrix of the estate of Samuel A. Conn, deceased, as appellee. Reversed and remanded.

Given charge 3 is as follows:

"(3) I charge you, gentlemen, that, if you are reasonably satisfied from the evidence that the defendant caused the wife of plaintiff to cease loving the plaintiff, then you must find for the plaintiff."

Street, Bradford & Street, of Guntersville, for appellant.

Evidence of what plaintiff's wife said to witness was hearsay and inadmissible. Harden v. Bradley, 205 Ala. 487, 88 So. 432. What the son of defendant stated about not staying at home was not admissible. The giving of charge 3 constituted error. 4 C. J. 914.

ANDERSON, C. J. This action was brought by appellee's intestate against the appellant for the alienation of affection and criminal conversation with the intestate's wife, and there was judgment for the plaintiff, and from which said judgment the defendant prosecutes this appeal.

[1] The plaintiff, in order to establish the enticement and debauchment of the wife, was permitted to show the conduct, relationship, and surroundings of the parties, which was not only relevant, but essential, to making out a prima facie case, but the trial court erred in permitting the witness, Monday, to

---

⚖︎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

testify that Mrs. Conn told him defendant would pay her house rent. This was hearsay, and res inter alios acta.

[2] The trial court also erred in permitting the witness Jones to testify that Henry Veal, a son of defendant, told him that, if his wife's mother, who was Mrs. Conn, stayed there, that is, at the house of the defendant, he (Henry Veal) told his said wife that he would not stay there. The reason of the son for not staying at home and for leaving his wife was not binding on the defendant, and was illegal and irrelevant.

[3] The plaintiff had offered evidence of visits by the defendant to the Conn home after he and his wife had moved from defendant's home, and the defendant should have been permitted to show that Conn was indebted to him, and that the visits were made in an effort to collect said indebtedness. This was at least a circumstance for the jury in determining whether or not these visits were to the wife for improper purposes, or were made in an effort to collect a debt.

[4] The trial court erred in giving charge 3 at the request of the plaintiff, as the alienation of the wife's affection alone did not give the right to recover. Parker v. Newman, 200 Ala. 103, 75 So. 479; 30 C. J. pp. 1118 and 1154. Whether or not this charge was so qualified or explained by defendant's given charges 1 and 2 as to cure or neutralize the error we need not determine, as this case must be reversed for other reasons.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SAYRE, GARDNER, and MILLER, JJ., concur.