DOTY CLARK, sometimes known as DOTTIE CLARK, sometimes known as DOT CLARK, sometimes known as DOROTHY CLARK, a Feme Sole, v. GLADYS T. ORR, a Deserted Femme Covert, by Charles L. Rakowsky, her next friend.

173 So. 155.
Opinion Filed March 3, 1937.
Rehearing Denied March 23, 1937.

*Paul C. Taylor,* for Plaintiff in Error;

*Casey & Walton,* for Defendant in Error.

BUFORD, J.—This case is before us on writ of error to a judgment awarding $25,000.00 actual damage to the plain-

tiff, Gladys T. Orr, for the alienation of the affection of her husband, Morrison Orr.

The verdict specifically stipulated as follows:

"We further find that she is entitled to punitive damages, and assess such punitive damages at $ *None.*"

This, we shall refer to later.

The suit involves the conduct of one man, the alleged alienated husband, the complaining wife and the other woman. The record discloses a rather sorry picture. Morrison Orr, the bone of contention, was the third husband of the plaintiff. The implication from the record is that she was divorced from husband number one. The positive showing is that she was divorced from husband number two.

The record further shows that there existed ample grounds for divorce on behalf of both the plaintiff and her husband before the institution of this suit.

The record shows that all three parties were not imbued with any high degree of regard for morals or marital obligations. Mr. Orr appears in the role of one of those social parasites, the bankrupt son of rich and indulgent parents, spending his time in idleness and unprofitable adventure, living upon the charity or indulgence of a devoted mother, and, although being a married man and a father, spending much of his time in indulging the indiscretions of the libertine.

The evidence disclosed by the record shows the plaintiff in but little, if any, better light. The record shows that she, although three times a married woman and the mother of children, held none too sacred the marriage vows, received attention from men promiscuously, associated with them under the most intimate conditions.

The defendant, plaintiff in error here, is shown by the record to entertain no high regard for the proprieties or for

that high standard of morals which, regrettably, is more praised than practiced. The record is clear that she indulged in an unholy alliance and association with the plaintiff's husband, Morrison Orr. Whether she or he was the aggressor, whether she or he took the initiative which resulted in a mutual wrongful association to the prejudice and injury of the plaintiff is not clearly shown by the record.

Plaintiff in error has presented five questions. They are as follows:

1. "Did the Court err in denying the motion for directed verdict made on behalf of the defendant, made at the termination of plaintiff's case, and renewed at the termination of the trial?"

2. "Can the plaintiff testify concerning, and relate statements made to her, the plaintiff, by a person not a party to said action, not made in the presence of the defendant, and which statements are greatly prejudicial to the defendant?"

3. "In an action to a wife for the alienation of her husband's affections, is a verdict for $25,000.00 actual damages excessive when punitive damages were expressly denied by a jury, and where there has been no proof of actual damages or loss to the plaintiff."

4. "In an action for alienation of affections, is the question whether the plaintiff is married to her alleged alienated spouse essential to the maintenance of the action?"

5. "Can a plaintiff, in an action for alienation of her husband's affections, allege in her declaration that the defendant did, willfully, absolutely and entirely alienate, estrange and destroy the affections of Morrison Orr from the plaintiff, and prosecute said action to final judgment, while she, the plaintiff, is prosecuting a similar action, with the same allegations, against a person not a party to the first action?"

The first question may be passed over with the comment that it does not comply with Rule 20, and that there was sufficient evidence to go to the jury and, therefore, there was no reversible error in the action of the court denying motion for directed verdict in favor of the defendant.

The second question is predicated upon the action of the court in allowing the witness, Gladys Orr, in response to the question, "When you went to Chicago at the request of Mr. Orr on the occasion you were testifying about yesterday, did he at that time tell you that he had been in Chicago with the defendant, Mrs. Clark?," to testify that Mr. Orr did tell her that he had been in Chicago with the defendant at the home of the Grants for about two and a half weeks. The question was objected to because the answer elicited would be hearsay and motion to strike the answer was made on the same ground and the motion denied.

While we have found some cases in which it appears that such latitude was allowed, we think the rule stated by the Supreme Court of Oregon in Mumper v. Webster, 137 Ore. 554, 3. Pac. 2nd, Ed. 753, 82 A. L. R. 822, as follows:

"Plaintiff in an action for alienation of affections may show declarations made in the absence of the defendant by the deserting spouse where such declarations tend to show the effect produced upon the mind of the deserting spouse by the conduct of the defendant, and the motives, feelings and emotions which prompted the desertion, provided that such declarations were made at or about the time of the separation and during the period of alienation, and were the natural and spontaneous verbal manifestation of an emotion and indicative of the feeling that inspired it.

"Declarations of a deserting husband, after the desertion, to the effect that his mind had been poisoned against his wife by a certain woman, not made in the presence of such

woman, are inadmissible in an action by the wife against her for alienation of the husband's affections."—is sound and we find it supported by ample authority. Veal v. Conn, 215 Ala. 90, 109 Sou. 754; Barlow v. Barnes, 172 Cal. 98, 155 Pac. 457; Davis v. Butler, 198 Ky. 795, 250 S. W. 126; Devers v. Bradstreet, 107 Ark. 650, 280 S. W. 622; Zingg v. Mitterer, 200 Iowa 403, 204 N. W. 247; Coates v. Slusher, 109 Oregon 612, 122 Pac. 311.

It appears that the court allowed this testimony to be introduced upon the theory that the evidence was admissible as tending to show the effect produced upon the mind of the deserting spouse by the conduct of the defendant and the motives, feelings and emotions which prompted his desertion. We hold that the evidence was not admissible for that purpose. It in no way tended to show any effect produced upon the mind of Orr by the conduct of the defendant. Neither did it tend to show the relations existing between the husband and wife prior to the separation. In fact, up to that time, there had been no separation.

In the case of Adkins v. Brett, 184 Cal. 252, 193 Pac. 251, conversation between the plaintiff and his wife wherein the latter admitted or stated that she had been automobile riding with the defendant, had dined with him and received flowers from him, was held admissible as indicative of her mental state, but in that case the court acknowledged that it had difficulty in reconciling the admissibility of such statement but held that the evidence was competent for the purpose of showing the state of the wife's feelings and was not rendered incompetent by the fact that it tended to prove other material matters and although it could not be considered as proof of the latter. We find so much trouble in reconciling the conclusion reached with logic that we must decline to follow it.

We find nothing in the evidence objected to here. Neither do we find anything in the evidence admitted in the California case that tends to show the feelings of the spouse toward the plaintiff, nor of the offending spouse toward the defendant. There is nothing to indicate, in either case, that the association between the offending spouse and the defendant resulted in arousing the admiration, affection and desire, or the disgust, hate and repulsion, or any intermediate reactions. So the admission of that testimony constituted error, but we cannot hold that it constitued reversible error because there is ample other evidence in the record to prove the association between the defendant and the plaintiff's husband.

The third question challenges the verdict and judgment consequent thereon as being excessive. We hold that under the facts as disclosed by the record in this case, the verdict was excessive. The jury found the plaintiff entitled only to compensatory damages. The rule is that, "Only such compensatory damages are recoverable as are the natural probable consequences of the acts complained of, or the direct, probable, or proximate consequences of the particular tort." 30 C. J. 1148.

The extent of the actual injury to the plaintiff must depend upon the prior relations between the plaintiff and her husband. That is, whether or not prior to the advent of the defendant the relations between the husband and wife had been congenial, happy and such as should exist between a husband and wife, or whether they had either or both been theretofore indulging in immoral conduct with other persons and disregarding their marriage vows as well as their duty to society. While it is true that the existence of an unhappy condition and a want of affection between husband and wife and either unilateral or mutual loose rela-

tions with others may not bar recovery, such conditions may be shown in mitigation of damages. Cases which support this statement are, Lupton v. Underwood, 3 Boyce (26 Del.) 519, 85 Atl. 965; Prettyman v. Williamson, 1 Pennewell 224, 39 Atl. 731; Lewis v. Robey, 79 Vt. 487, 65 Atl. 524; Humphrey v. Pope, 1 Cal. App. 374, 82 Pac. 223.

The record shows that plaintiff's husband had ceased contributing to the support of herself and her children prior to his alleged affair with the defendant; that he was a mere parasite supinely living upon the donations passed to him by his mother; that from a pecuniary standpoint he had already become to the wife almost if not a total loss. The plaintiff did not pretend or claim that Orr had been a faithful husband prior to his association with the defendant, but testified about his affairs with other women about which she had knowledge prior to his escapade with defendant. Certainly there is not found in the record evidence to support a finding that the wife suffered compensatory damages in the sum of $25,000 by reason of the conduct of the defendant and the jury by its verdict determined that the plaintiff was not entitled to recover anything except compensatory damages.

The fourth question we think is not of sufficient importance for us to discuss. There is no issue presented as to whether or not the plaintiff was in fact married to the alleged alienated spouse.

Question Five challenges the sufficiency of the proof to meet the allegations of the declaration upon the theory that the evidence failed to show the defendant did "willfully, absolutely and entirely alienate, estrange and destroy the affections of Morrison Orr from the plaintiff." Under the allegations of the declaration it was sufficient to prove that

the defendant was a contributing cause to the alienation, estrangement and destruction of the affections of Orr for the plaintiff.

For the reasons stated, if the plaintiff within ten days from the filing of the mandate in the court below, shall enter a remittitur of $20,000 of the judgment in the court below, the judgment will stand affirmed for the sum of $5000 as of the date thereof. Otherwise, the judgment will be reversed and the cause remanded. for new trial.

It is so ordered.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and DAVIS, J. J., concur.