## MARIE SHEPARD LORD
*vs.*
## HILDA H. SHEPARD

Superior Court          Hartford County          File No. 49437

MEMORANDUM FILED JUNE 13, 1944.

*George W. J. Chisaski,* of New Haven, for the Plaintiff.

*George Curtis Morgan,* of New London, for the Defendant.

O'SULLIVAN, J.  The plaintiff, a sister of the defendant, has brought this action to recover damages for alienating the affections of her husband and for criminal conversation with him.  Except for an admission as to the marriage, the answer is a general denial plus a special defense setting up the statute of limitations.

In 1928, the plaintiff lost the affection of her husband, a fact of which she was well aware.  This came about as a result of her deserting him at that time without any justification whatsoever.  A few years after she had left, her sister began to obtain his affection, she still retains it, and has had criminal conversation with him.

In as much as more than six years have elapsed since the affections of the plaintiff's husband were totally destroyed, the special defense is a bar to the count alleging alienation of affections.  If, prior to six years before an action is begun, the plaintiff's right of consortium has been altogether destroyed, the statute bars the action.  *Maggay vs. Nikitko*, 117 Conn. 206, 213.

However, within the statutory period, the defendant has committed adultery with the plaintiff's husband, and hence, recovery follows under the second count.  The greatest difficulty attaching to the case is concerned with the question of damages.  The extent of the actual injury to Mrs. Lord must depend, in large measure, upon the prior relations between herself and her husband.  This is proper, not to bar her right to recover, but in mitigation of damages.  *Hadley vs. Heywood*, 121 Mass. 236, 239; *Clark vs. Orr*, 127 Fla. 411, 173 So. 155; *Lewis vs. Roby*, 79 Vt. 487, 65 Atl. 524; *Humphrey vs. Pope*, 1 Cal. App. 374, 82 Pac. 223.  The damages recoverable are fair compensation for the wrong done the plaintiff, including such elements as pain, suffering, injury to her health, degredation and humiliation, to which may be added damages as compensation for the loss and impairment of her right of consortium resulting from that adultery.  *Maggay vs. Nikitko, supra,* p. 212.

Considering the lack of evidence as to some of the elements just described, the total destruction of Lord's affection as far

back as 1929, the long period of time the parties have been estranged, and, in general, their prior relations, the actual injury to the plaintiff assumes small proportions. As best I can evaluate that injury the sum of $500 is the proper amount to compensate the plaintiff fully.

Enter judgment for $500 on the second count and for the defendant on the first count.