144 So.2d 522 (1962)
WILLIAMSON CANDY COMPANY, an Illinois Corporation, and Benjamin Kudevitz and Zina Kudevitz, Doing Business As Causeway Soda Shop, Appellants,
v.
Hommie Lee LEWIS, Appellee.
No. 61-849.
District Court of Appeal of Florida. Third District.
September 18, 1962.
Rehearing Denied October 8, 1962.
Wicker, Smith, Blomqvist, Hinckley & Davant and Anthony Reinert, Miami, for appellants.
Paul L. Steiner, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., HORTON, J., and LOPEZ, AQUILINO, Jr., Associate Judge.
PER CURIAM.
The defendants suffered an adverse verdict in a personal injury action and appeal from the final judgment entered on the verdict. They present three points on appeal. The first raises a question of error upon the admission of evidence; the second upon the manifest weight of the evidence, and the third upon the ruling of the trial judge which permitted plaintiff to reopen his case to introduce the mortality tables.
The second point required a review of the record, and while the appellants make a strong argument as to the credibility of certain evidence, it is our conclusion that the record is sufficient to support the verdict. See Brenner v. Smullian, Fla. 1955, 84 So.2d 44, 49. Further, the ruling of the trial judge allowing the plaintiff to reopen his case at the conclusion of all the evidence was clearly within the discretion of the judge. Volusia County Bank v. Bigelow, 45 Fla. 638, 33 So. 704, 709.
The first point presented, which we now consider last, presents a much closer question: Was it reversible error for the trial judge to admit into evidence an X-ray report prepared by a radiologist who did not testify, where other competent evidence fully established the injury? To begin with, *523 we have determined that the report was improperly admitted since the sole basis seems to have been the testimony of the treating physician that he referred the plaintiff for the examination and thereafter he received the report resulting therefrom. See Depfer v. Walker, 125 Fla. 189, 169 So. 660. In this connection it should be noted that the radiologist's report might have been admissible if offered and proved as a part of the hospital record under § 92.36, Fla. Stat., F.S.A. "Business records as evidence; uniform act". See Stettler v. Huggins, Fla. App. 1961, 134 So.2d 534.
The radiologist's report attempted to establish that the plaintiff had an ulcer. The existence of the ulcer was clearly established by the treating physician without reference to the report of the radiologist. We therefore affirm upon authority of the rule stated in Clark v. Orr, 127 Fla. 411, 173 So. 155, 158.
Affirmed.