Irby Woodrow **HUTCHENS** and
**Hannah Hutchens**

v.

Alexander Patton **JANSSEN**

v.

Susan Halsey **VAUGHAN**.

No. 66–C–4–C.

United States District Court
W. D. Virginia,
Charlottesville Division.

Nov. 23, 1966.

Norbert J. Heubusch, Heubusch & Heubusch, Arlington, Va., William A. Ehrmantraut, Donahue, Ehrmantraut, Mitchell & Gleason, Rockville, Md. for plaintiffs.

E. Waller Dudley, Boothe, Dudley, Koontz, Blankingship & Stump, Alexandria, Va., Edward R. Slaughter, Jr., Charlottsville, Va., McGuire, Woods & Battle, Richmond, Va., for defendant and third-party plaintiff.

Robert E. Taylor, Taylor, Camblos, Michie & Callaghan, Charlottesville, Va., for third-party defendant.

## OPINION

MICHIE, District Judge.

The present controversy arises from an automobile accident which occurred

on February 6, 1965 near Charlottesville, Virginia. Three cars were involved. Mr. and Mrs. Hutchens filed a complaint against Alexander Patton Janssen, after which the latter impleaded Susan Halsey Vaughan as a co-defendant. Following Mrs. Vaughan's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, the parties were given ample opportunity for the filing of affidavits and depositions. Oral argument was heard on the motion on November 14, 1966.

■ Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. This rule has an important place in providing a prompt disposition of cases which have no possible merit and in preventing undue delays in the trial of actions to which there is no real defense. Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950). However, the Fourth Circuit has exhibited a definite reluctance to affirm cases decided upon summary judgment. It has said:

> Even in cases where the judge is of the opinion that he will have to direct a verdict for one party or the other on the issues that have been raised, he should ordinarily hear the evidence and direct the verdict rather than attempt to try the case in advance on a motion for summary judgment, which was never intended to evade jury trials or have the judge weigh evidence in advance of its being presented.

Pierce v. Ford Motor Co., 190 F.2d 910, 915 (4th Cir. 1951); See also Kirkpatrick v. Consolidated Underwriters, 227 F.2d 228 (4th Cir. 1955). The Court of Appeals has articulated a standard to be applied by a district court in ruling on a motion for summary judgment which eliminates disposition of most cases in this manner.

> [Summary judgment] should be granted only where it is clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law. * * * [Citations omitted] And this is true even where there is no dispute as to the evidentiary facts in the case but only as to the conclusions to be drawn therefrom. * * *

Stevens, supra 181 F.2d at 394; See also Pierce v. Ford Motor Co., supra, and 6 Moore, Federal Practice ¶ 56.15 (1.–04) (2d ed. rev. 1965).

■ Furthermore, it is well established that summary judgment is less likely to be appropriate in negligence cases than in other type cases such as those arising out of debt or contract. Moore, supra at ¶ 56.15 (1.–0) n. 15. This fact will not, of course, preclude summary judgment in every negligence case. See, e.g., Berry v. Atlantic Coast Line R. R. Co., 273 F.2d 572, 573 (4th Cir. 1960), where a district court's disposition of a negligence case by summary judgment was affirmed.

■ Finally, before the facts in the instant case are examined, it should be noted that when a ruling is made upon a motion for summary judgment, all the facts and inferences therefrom must be construed in the light most favorable to the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

From the existing record—the affidavit of Catherine Tucker and the depositions of the parties involved in the accident—the relevant facts not in dispute appear to be as follows.

Susan Vaughan, at approximately 10:00 A.M. on a clear, cold, mid-winter day, was driving in a westerly direction from Charlottesville in her Ford automobile on Route 250 West. At the point where the collision occured Route 250 is a three

lane highway with a 55 mile speed limit and all west bound traffic is confined to a single lane, there being solid double line strips separating the northernmost lane from the middle lane. On the front seat of Mrs. Vaughan's automobile a two month old baby was asleep in a "car bed". Mrs. Vaughan's Ford had been traveling at approximately fifty miles per hour when it came to what is generally known as Bloomfield hill. The speed of the Ford was estimated by Mrs. Vaughan at forty to forty-five miles per hour after it had crested the hill until it reached the bottom of the hill. There, about one hundred feet from the entrance of West Leigh Drive, according to Mrs. Vaughan, she slowed to about ten miles per hour, as she was planning to make a right hand turn into West Leigh. Though Mrs. Vaughan does not remember definitely when she put her right hand blinker on, she indicated that she turned it on at least "three or four hundred feet" before the West Leigh entrance.

Alexander Janssen, in a 1963 Pontiac, was traveling in a westerly direction also. When he reached the top of Bloomfield Hill he saw Mrs. Vaughan's car several hundred yards in front of him. At that moment he says that he set his speed control, located on the dashboard of his Pontiac, to forty-five miles per hour, intending to stay behind all the cars in front of him during the next few miles of travel. The next thing Mr. Janssen remembers clearly is waking up in the hospital, though he does have a vague recollection of hitting his brakes hard and swerving to avoid the Vaughan car.

According to the testimony of the only available eyewitness, Miss Tucker, the Janssen car came down the hill at an undetermined speed and struck a glancing blow to the left rear of Mrs. Vaughan's Ford which had slowed to make the turn into West Leigh. No significant damage was done to the Vaughan car or to its occupants. From this first impact or from Janssen's efforts to avoid hitting the Ford or from a combination of both, the Janssen Pontiac swerved to the left, crossed the middle lane and crashed head on into the Hutchens automobile which was in the east bound lane heading toward Charlottesville.

Mrs. Vaughan moves for summary judgment, contending that under these circumstances there is clearly no genuine issue of fact involved and that she is not negligent as a matter of law. I cannot agree. Though I think it more likely than not that Janssen's action was the sole proximate cause of this accident, I cannot say at this stage of the litigation as a matter of law that Mrs. Vaughan committed no negligence which contributed to this accident.

Suffice it to say, without going into great detail, that, if all the facts involved are put in a light most favorable to the party opposing the motion and if inferences that can be drawn from these facts are treated in a similar fashion as required by United States v. Diebold, supra, I cannot say as a matter of law that there was no negligence whatsoever on the part of Mrs. Vaughan and that an inquiry into the facts is not necessary to clarify the application of the law. For purposes of this motion it is not enough for defendant Vaughan to show that Janssen is liable to the parties injured, the Hutchens in this case. Mrs. Vaughan must show in addition that there was no negligence on her part which proximately contributed to cause the accident.

There are at least two facts or inferences to be drawn therefrom which prevent me from granting Mrs. Vaughan's motion for summary judgment.

Mrs. Vaughan admitted that she was trying not to wake the baby while making the turn from the highway. She said, "I was particularly conscious of making the transition from the highway turning off into West Leigh very slowly so I would not wake the baby up." (Dep. p. 67) One reasonable inference from this is that, in trying not to wake the baby, she slowed her car more than a

driver normally would when making a turn. If this is true, it is conceivable that her actions were not reasonably to be expected by other drivers, including Janssen, and therefore her actions gave Janssen less of an opportunity to anticipate and allow for her turn into West Leigh than he might reasonably have expected. Unfortunate as it may be, few drivers of today, caught up in the hectic pace of our ever-rushing society, act upon the premise that the car ahead is going to be driven in such a gingerly fashion as to prevent a two month old baby, hidden from sight on the front seat, from being awakened.

Secondly, there is a rule for safe driving set forth in § 46.1–216 of the Code of Virginia which Mrs. Vaughan may have broken if an inference to be drawn from the known circumstances is made in favor of Mr. Janssen. This section states that every driver who intends to turn shall *first* see that such movement can be made in safety and whenever the operation of any other vehicle may be affected by such movement shall give such signals as required. Mrs. Vaughan was asked when she first looked in her rear view mirror and she admitted that she did not remember whether it was before or after slowing down. Obviously, one inference that can be drawn is that she may have looked after slowing down and, if this is so, she violated the statute. Violation of a safety statute intended to prevent accidents undoubtedly would be grounds for finding that Mrs. Vaughan was negligent.

Either of the above-mentioned facts and inferences, the conscious effort not to wake the baby during the turn and the possibility that Mrs. Vaughan slowed her car before looking in her rear view mirror, is enough to say that a further inquiry into the facts is desirable.

In accordance with the foregoing facts and principles of law, defendant Vaughan's motion for summary judgment is denied.