**Arlie Vernon CALES, Plaintiff,**

v.

**The CHESAPEAKE AND OHIO RAILWAY CO., J. A. Sims, J. S. Woodyard and B. L. Slater, Defendants.**

**Civ. A. No. 68-C-19-R.**

United States District Court
W. D. Virginia,
Roanoke Division.

Jan. 2, 1969.

Ralph Masinter, Masinter & Mastiner, Roanoke, Va., for plaintiff.

George M. Cochran, Cochran, Lotz & Black, Staunton, Va., for defendants.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before this court upon a complaint filed by Arlie Vernon Cales, the plaintiff, against the Chesapeake and Ohio Railway Company, a Virginia corporation, and three individual defendants, J. A. Sims, J. S. Woodyard and B. L. Slater, all employees of the Chesapeake and Ohio Railway Company.

Jurisdiction is based on diversity of citizenship, the plaintiff being a resident of the State of Illinois and the defendants, with the exception of B. L. Slater, being residents of Virginia. The amount in controversy exceeds the requisite $10,000 jurisdictional amount.

The complaint alleges that on October 19, 1967, Arlie Cales was employed as a brakeman by the defendant railway and had reported or was about to report for duty as a flagman on a train that was to depart from Clifton Forge, Virginia. At approximately 9:30 p. m. of that day, shortly after plaintiff reported for duty, but before the train had departed, the Chesapeake and Ohio Railway Company, through its agents, J. A. Sims, Assistant Train Master, J. S. Woodyard, Assistant General Agent and B. L. Slater, Special Agent, all employees of the defendant railway and acting as its agents, maliciously, wrongfully, unlawfully and without any order, warrant or process of any court forcibly arrested the plaintiff. It is further alleged that the defendants took the plaintiff to the City of Clifton

Forge and obtained a criminal warrant against the plaintiff charging him with public drunkenness. The plaintiff was detained in the city jail for a period of twelve hours.

The complaint alleges that the defendants, pursuant to their continuous and malicious undertaking, pressed their charge of public drunkenness against the plaintiff before the Judge of the Civil and Police Court at Clifton Forge, Virginia; that notwithstanding this malicious and unwarranted attempt to prosecute this baseless charge, the court, after hearing evidence, dismissed the charge.

The complaint continues that despite the dismissal by the Civil and Police Court of the public drunkenness charges, the defendants, on November 24, 1967, with evil intent and for the purpose of injuring the plaintiff and with wanton and reckless disregard of his rights, caused him to be brought before a private investigation board of the railroad on the charge of violating Rule G of the Book of Rules of the Chesapeake and Ohio Railway Company which reads as follows: "The use of intoxicants or narcotics is prohibited." Notwithstanding the protest of the plaintiff, who was represented by the General Chairman of the Brotherhood of Railroad Trainmen and the local chairman as well, the Board of Inquiry, after hearing evidence, found the plaintiff guilty of violating Rule G and dismissed him from the service of the Chesapeake and Ohio Railway Company. It is alleged that by this act, the defendants maliciously and willfully deprived the plaintiff of his livelihood with the railroad, a field to which the plaintiff had faithfully devoted twenty years of his life.

It is alleged that the defendants acted jointly and in concert, without reasonable or probable cause, and with malicious and willful intent to arrest, oppress and injure the plaintiff. As a result, it is alleged the plaintiff has suffered mental and physical distress, damage to his good name, reputation and credit, and humiliation, embarrassment and shame. The plaintiff also seeks compensatory and punitive damages.

As the result of an amendment to the complaint the plaintiff also alleges that his rights under the Federal Employers' Liability Act were violated when the agents and servants of the defendant Railroad did willfully, deliberately, negligently and carelessly lay their hands upon the plaintiff in incarcerating him for allegedly being drunk when such was not the fact.

The defendants, by counsel, moved to dismiss the action for failure to state a claim upon which relief could be granted, since the complaint, before the amendment, did not allege that the plaintiff was not drunk or not drinking or not in violation of Rule G which prohibits the use of intoxicants or narcotics.

The motion to dismiss was overruled, but the Court did require the plaintiff to file a supplemental statement setting forth more precisely and in more detail the basis of his claim and to particularly state whether the plaintiff violated Rule G of the railway's rules.

The plaintiff, in compliance with the court's order, filed a statement alleging that the plaintiff was not intoxicated when taken into custody by the employees of the defendant railway. The statement adds that the plaintiff had drunk two beers at or near 4:30 p. m. on October 19, 1967, but had consumed no liquor or other beer between that time and the time that he was taken into custody. The statement adds that the plaintiff, who was suffering from a cold which was distressing but not disabling, had taken some Corabin-D antihistamine tablets and had several sips of a cough medicine prior to the time he reported for work on October 19, 1967.

The defendants, separately, have moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The grounds cited in sup-

port of the motions are that "the complaint and Bill of Particulars herein filed by Plaintiff show that Plaintiff was in violation of Rule G prohibiting the use of intoxicants or narcotics, and that all actions alleged to have been taken by [these defendants] against Plaintiff were based upon probable cause."

In support of the motions for summary judgment, discovery depositions were taken on August 14, 1968, at Clifton Forge, Virginia. The testimony has been reduced to writing and is a part of the record before this court. The witnesses who were deposed are: Ernest B. Rodgers, assistant general yard master for the Chesapeake and Ohio Railway; J. A. Sims, assistant trainmaster with the Chesapeake and Ohio Railway; Paul I. Forbes, foreman of car inspectors with the Chesapeake and Ohio Railway; John S. Woodyard, assistant special agent with the Chesapeake and Ohio Railway; B. L. Slater, special agent with the Chesapeake and Ohio Railway; H. E. Putnam, Jr., car inspector with the Chesapeake and Ohio Railway and James R. Nicely, police officer of the Clifton Forge Police Department.

The record also contains an affidavit in support of the motions for summary judgment, (attached to each motion) by B. P. Knight, Jr., Assistant Division Superintendent of the Chesapeake and Ohio Railway Company, to show the correct reading of Rule G of the Book of Rules, "The use of intoxicants or narcotics is prohibited."

The defendants contend: that as a matter of law the undisputed evidence and admissions of plaintiff show that the Railway Company and its employees acted properly, justifiably and without malice in taking plaintiff into custody and obtaining a warrant for his arrest; that the facts, with respect to the plaintiff's dismissal, being undisputed, it is for the court to say, as a matter of law, whether the Railway Company was justified; and, that as a matter of law the undisputed evidence shows the Railway Com-

pany had just and sufficient cause for dismissing plaintiff from its service.

■ Generally, on a motion for summary judgment, the court is not authorized to try issues of fact, but it does have the power to penetrate allegations of facts in the pleadings and look to any evidential source to determine whether there is an issue of fact to be tried. Blenke Bros. Co. v. Ford Motor Co., 217 F.Supp. 459 (N.D.Ind.1963). Rule 56 "permits a party to pierce the allegations of fact in the pleadings and to obtain relief by summary judgment where facts set forth in detail in affidavits, depositions, answers to interrogatories, and admissions on file show that there are no genuine issues of material fact to be tried." 6 J.Moore, Federal Practice ¶ 56.04 at 2058 (2d Ed. 1966).

The depositions given by six railway employees, including the three individual defendants, and a police officer are all to the effect that the plaintiff was, or appeared to be, intoxicated when he was taken into custody and a warrant obtained for his arrest. There are minor discrepancies in the testimony of the witnesses.

■ When a ruling is made upon a motion for summary judgment, all the facts and inferences therefrom must be construed in the light most favorable to the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); Hutchens v. Janssen, 41 F.R.D. 287 (W. D.Va.1966). As noted in the *Hutchens* case, the Court of Appeals for the Fourth Circuit has articulated a standard to be applied in ruling on a motion for summary judgment:

[Summary Judgment] should be granted only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law * * * [Citations omitted] And this is true even where there is no dispute as to the evidentiary facts in the case but only as to the conclu-

sions to be drawn therefrom. * * * Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950). Hutchens v. Janssen, 41 F.R.D. 287, 288 (W.D.Va.1966).

In examining plaintiff's cause of action it is apparent that probable cause is a pre-requisite to a successful defense by the defendants. The question presented to this court is whether a justiciable issue concerning a material factual matter exists. The plaintiff has alleged that he was wrongfully and forcibly detained and required to defend a baseless public drunkenness charge. He alleges that he was not intoxicated although he admits drinking two beers approximately five hours prior to the wrongful detention. Plaintiff also admits taking cold medicine including a cough syrup. On the other hand the defendants have not filed an answer, but have supported their motion for summary judgment by an affidavit, and depositions of seven persons who would apparently be witnesses for the defendants if a trial is necessary. The depositions all represent personal observations of the plaintiff on the night of the alleged events concerning the wrongful detention. When read as a whole they very strongly support the view that the plaintiff was or appeared to be under the influence of intoxicants or narcotics and thus that probable cause did exist to justify the action taken by the defendants.

■ However, we feel that it would be inappropriate to grant summary judgment as to the issue of probable cause or the lack of probable cause at this point in the proceedings. It is not necessary that the plaintiff come forward with evidence in the form of affidavits or depositions to withstand a motion for summary judgment unless the moving party or parties have shown by their motion and the support thereof that the plaintiff's case is a sham. Brunswick Corp. v. Vineberg, 370 F.2d 605 (5th Cir. 1967). It is not enough

that the record may reveal a strong position on the part of the moving party. The court's task is not to determine a factual issue as presented in the documents before the court, but to determine whether a factual issue exists. The court's task does not include the weighing of evidence. The Court of Appeals of the Fourth Circuit has said:

Even in cases where the judge is of opinion that he will have to direct a verdict for one party or the other on the issues that have been raised, he should ordinarily hear the evidence and direct the verdict rather than attempt to try the case in advance on a motion for summary judgment, which was never intended to enable parties to evade jury trials or have the judge weigh evidence in advance of its being presented. Pierce v. Ford Motor Co., 190 F.2d 910, 915 (4th Cir. 1951); Hutchens v. Janssen, 41 F.R.D. 287 (W.D.Va.1966).

■ Thus we think that the question of probable cause or lack of probable cause raises a factual issue that precludes a summary judgment at this stage of the proceedings. This is especially true where six of the seven depositions in support of the motion were by employees of the defendant railway, and three of these were by the three individual defendants in this action. Where the credibility is, or may be crucial, summary judgment becomes improper and a trial indispensable. Packard v. United States, 179 F.Supp. 508 (S.D.N.Y. 1959).

The alleged wrongful dismissal of the plaintiff from his employment is to a large measure dependent upon whether probable cause existed to prompt the initial events. Since the depositions were primarily concerned with the issue of probable cause, the court is of the opinion that the circumstances surrounding the alleged wrongful dismissal have not been developed to a point that allows a basis for summary judgment. These questions involve issues both of law and

fact and are better answered upon a full trial.

 As to plaintiff's allegation of negligence under the Federal Employers' Liability Act it is sufficient to say that an action based on negligence is usually not an appropriate action for summary judgment. 6 J.Moore, Federal Practice ¶ 56.15 at 2285 (2d Ed. 1966); See also 6 J.Moore, Federal Practice. ¶ 56.17 at 2550 (2d Ed. 1966). In the light of the foregoing opinion, we deem it the wiser course to allow this issue to remain in the case to be developed and particularized before trial.

In accordance with the foregoing facts and principles of law, the motions of the defendant railway and the three individual defendants are denied.