Jeannette M. OGDEN, Administratrix of the Estate of Charles J. Ogden, Appellant,

v.

EMPLOYERS FIRE INSURANCE COMPA-NY and Riverside Insurance Company of America, Appellees.

Court of Appeals of Kentucky.

Nov. 23, 1973.

Rehearing Denied Feb. 8, 1974.

D. H. Robinson, Robinson, Rectenwald & Tackett, Louisville, for appellant.

John K. Gordinier, Richard M. Trautwein, Louisville, for appellees.

ROBERT O. LUKOWSKY, Special Commissioner.

This is an appeal by the plaintiff-appellant from summary judgments dismissing her claims for compensation against the Defendants-Appellees based upon uninsured-motorist coverage. We reverse and remand.

The plaintiff-appellant's basic claim for wrongful death arose out of an automobile accident which occurred on the early morning of November 6, 1969 in the eastbound lanes of the Watterson Expressway in Louisville. Plaintiff-appellant's decedent was a passenger in a car driven by Larry D. East. The East car had entered the expressway a short time before the accident. It was proceeding at a speed somewhere between fifty-five and sixty miles per hour in the right hand or slow lane. It was in the process of overtaking two cars which were immediately in front of it and proceeding at a speed of about fifty miles per hour. East pulled into the left or fast lane in order to pass these cars. When East's right front wheel was about even with the left rear wheel of the closest of these cars this vehicle, which we shall hereinafter refer to as the "phantom" vehicle, suddenly pulled to its left in front of East creating the "gut" issue in this case of whether or not there was contact between the East car and the "phantom" vehicle. In any event, East sought to avoid the collision with the "phantom" vehicle, cut his wheels to the left, struck the guard rail in the median and was catapulted southwardly across the expressway into two trees and a telephone pole. Suffice it to say injuries and damages resulted, including the death of plaintiff-appellant's decedent.

The defendants-appellees are insurance companies which carried automobile liability insurance, including uninsured motorist coverage, on the East car and on plaintiff-appellant's decedent himself. The identity of the driver and owner of the "phantom" vehicle is unknown and the vehicle has not been located. Consequently, its status as an uninsured vehicle is unproveable unless it qualifies as a "hit-and-run" vehicle. To qualify as a "hit-and-run" vehicle there must have been physical contact with the person injured or the vehicle · which he was occupying by the "phantom" vehicle or an object it struck and set in motion. That is to say, in baseball jargon, there must be a hit before there can be a run.

Intensive pre-trial discovery by way of deposition was conducted. The depositions of East, of Billy Ray Epperson, the surviving passenger in the East car, and of the police officers who investigated the accident were taken. There is no likelihood that there are any other persons known to or discoverable by any party to the action who have knowledge concerning the accident.

East's testimony in regard to the "gut" issue is equivocal. He seeks to establish contact between his car and the "phantom" vehicle with such statements as: "It's possible he has got damage on the left rear side"; " . . . I just don't see how I could have missed the car"; "Well, it's my opinion that it did (come into contact)"; " . . . I just feel like the right front bumper of my car, the right front side, the fender, scraped his car"; " . . . I think I might have heard the bumpers hit together or something of that nature, but, of course, after that, it was, it was one big loud collision"; " . . . because the front of my car did go over awful sudden and I don't feel I cut it that sharp"; "Well, I remember telling them (the police) I had to hit the car, it wasn't hardly any other way not hitting the car because the way he swerved over on me"; " . . . I just don't know how there was any way possible for me not to hit the

car"; "No, I don't know. But I felt that I did (hit the car)".

Epperson is unable to say with certainty whether there was contact or not and his testimony and that of the police officers at most tends only to bear on the weight and credibility to be given to the testimony of East and the circumstances surrounding the accident.

It is on this state of the record that the learned trial judge sustained the motions of the defendants-appellees for summary judgment. The trial judge found that there was "no evidence of physical contact." He, apparently, believed that either East's testimony and the totality of circumstances surrounding the accident were so vague that they had no probative force or that no reasonable mind could infer from this testimony and these circumstances that there was contact between the East car and the "phantom" vehicle. Dewey v. Clark, 88 U.S.App.D.C. 137, 180 F.2d 766.

 The direct testimony and circumstantial evidence may be weak, but contact may be reasonably inferred from it. Buehrer v. Indiana Insurance Co., Ind., 256 N. E.2d 414. It must be noted that when a ruling is made upon a motion for summary judgment, all the facts and inferences therefrom must be construed in the light most favorable to the party opposing the motion and this is true even where there is no dispute as to the evidentiary facts in the case but only as to the conclusions to be drawn therefrom. Hutchens v. Janssen, D.C.Va., 41 F.R.D. 287.

It may be unlikely that the plaintiff-appellant will prevail upon a trial or likely that the trial court would set aside a verdict in her favor as against the weight of the evidence, but these factors do not provide a sufficient basis to deprive her of her day in court. United States v. Daubendiek, D.C.Iowa, 25 F.R.D. 50; Fuqua v. Deapo, D.C.Ark., 34 F.R.D. 111.

It is clear that the weight of the evidence and the credibility of the witnesses will be crucial factors in the ultimate factual determination made in this case. In such a situation summary judgment is an inappropriate tool and trial is indispensable. National Surety Corp. v. Allen-Codell Co., D.C.Ky., 5 F.R.D. 3; Cales v. C. & O. Ry. Co., D.C.Va., 46 F.R.D. 36.

Having determined that the summary judgments were improvidently granted, it is unnecessary for us to taste the other delicacies served up to us by the plaintiff-appellant in her legal smorgasbord, except to point out for the convenience of the trial judge, counsel and the record that they are the subject of an extensive annotation at 25 A.L.R.3d 1299.

The summary judgments are reversed and the cause is remanded to the Jefferson Circuit Court for further proceedings consistent with this opinion.

All concur.