**Johnnie R. SKAGGS, Appellant,**

v.

**Haskell R. STANTON, Appellee.**

Court of Appeals of Kentucky.

Nov. 14, 1975.

Larry D. Raikes, Hodgenville, for appellant.

Kenneth H. Goff, Goff & Meredith, Leitchfield, for appellee.

LUKOWSKY, Justice.

This is an appeal from a summary judgment entered by the Grayson Circuit Court pursuant to CR 12.02 dismissing the complaint of the appellant for alienation of affections on the ground that the action was not commenced within one year of the date of the accrual of the cause of action.

The appellant submits that the five year statute of limitations, KRS 413.120(7), not the one year statute of limitations, KRS 413.140(1)(c), controls.

The solution to this problem lies in the answer to the question, are criminal conversation and alienation of affections separate and distinct torts or are they merely methods by which the same tort may be committed?

The first judicial dissection in Kentucky which exposed the problem was made by Thomas, J. in *Justice v. Justice*, 295 Ky. 610, 175 S.W.2d 21 (1943), when he wrote:

"Before determining such issues we deem it proper to say that the distinction between tort actions for 'Criminal Conversation' and 'Alienation of Affections' is

still attempted to be maintained in the law, but with hazy foundation upon which to rest. Each seek damages for invasions of plaintiff's right of consortium, and a destruction or impairment of the consequences thereof, and the right of action for each of the wrongs are so near akin that we in the cases of *Merritt v. Cravens,* 168 Ky. 155, 181 S.W. 970, L.R.A.1917F, 935, and *Gross' Adm'r v. Ledford,* 190 Ky. 526, 228 S.W. 24, 14 A.L.R. 689, held that they might be joined in one action. See, also, the text of 27 Am.Jur. 120 and 174, Sections 519 and 570."

Prosser in his Handbook of the Law of Torts, Fourth Edition, at 876, makes the point in the following language:

"Criminal conversation, enticement and alienation of affections still are often treated as separate torts, but there is no good reason for distinguishing them. They represent three forms of interference with aspects of the same relational interest, and of course all three may be present in the same case. When the action is for criminal conversation, proof of enticement or alienation will go to increase the damages, and the converse is likewise true. There is now a decided tendency to confuse the three, or to lump them together, usually under the general name of 'alienation of affections,' without any attempt to distinguish the possible elements of the tort."

We have reached the conclusion that the time has come to raise the curtains of confusion and hold that the tort is interference with the marriage relation and that criminal conversation, enticement and alienation of affections are no more than methods by which this tort may be committed.

The five year statute is the catchall statute of limitations which applies to injuries not arising upon contract and not otherwise enumerated. The one year statute specifically mentions and applies to criminal conversation. We are of the opinion that when the legislature chose to specifically mention criminal conversation in the one year statute it evidenced a legislative intent that the one year statute apply to all actions founded on interference with the marriage relation. To the extent that *Davis v. Butler,* 198 Ky. 795, 250 S.W. 126 (1923), *Justice,* supra and any other of our cases may be in conflict herewith, they are overruled.

Unfortunately, this exercise in logic is not dispositive of this case. This action was commenced on April 13, 1973 and the evidentiary materials which support the summary judgment are as subject to the inference that there was no interference with the marriage relation until June of 1972 as they are to the inference that there was an interference with the marriage relation before Christmas of 1971. A case in such a posture is not ripe for summary judgment. *Pessin v. Keeneland Association,* D.C.Ky., 45 F.R.D. 10 (1968); *Ogden v. Employers Fire Insurance Company,* Ky., 503 S.W.2d 727 (1974).

The judgment is reversed and the cause is remanded for trial.

All concur.