Mary Ann PLUMMER, Appellant,

v.

Sara SUMME, Appellee.

Court of Appeals of Kentucky.

Nov. 23, 1984.

As Modified Jan. 11, 1985.

Discretionary Review Denied by
Supreme Court April 24, 1985.

Bernard J. Blau, Jolly & Blau, Newport, for appellant.

John R. Elfers, Covington, for appellee.

Before CLAYTON, HOWERTON and REYNOLDS, JJ.

HOWERTON, Judge.

Plummer appeals from a summary judgment in the Kenton Circuit Court dismissing her claim against Summe for interfering with her marital relationship with Mott Plummer. Plummer presents four allegations of error, but we need to consider only the question of whether the trial court erred by finding that the action was barred by a statute of limitation. Her other allegations are that she was entitled to summary judgment, that the court should have adopted the judgment prepared by her, and that the court abused its discretion in granting a protective order to Mott Plummer. We agree that the court erred in concluding that the action was barred by the statute of limitations, and we therefore reverse the judgment and remand the case to the trial court for further action. The trial court must thereafter consider what judgment is appropriate and what further proof is to be allowed or required.

The record consists of the pleadings, various affidavits, and some exhibits filed by Mary Ann Plummer indicating that her marriage with Mott Plummer was viable until the parties separated on July 23, 1982. It was on that date that Mary Ann learned from her husband that he was having an affair involving sexual relations with Sara

Summe. The parties separated on that date, and Mary Ann subsequently filed an action to dissolve her marriage with Mott. This action against Sara Summe was filed on June 22, 1983.

An affidavit filed by Mott Plummer indicates that his affair with Sara Summe began on June 25, 1981, and that it has continued since that time. KRS 413.140(1)(c) provides that a criminal conversation action must be commenced within one year after the cause of action accrued. The case of *Skaggs v. Stanton*, Ky., 532 S.W.2d 442 (1975), supports the fact that the one-year limitation applies to all bases for the tort of interference with a marriage, whether it be criminal conversation, enticement, or alienation of affections. Each is merely a method by which the tort of interference may be committed. The trial court concluded that, since the tort was first committed in 1981, the case was barred by the statute of limitations.

Summe argues that the statute began to run on June 25, 1981. The evidence of that beginning date is uncontroverted. Mary Ann argues that, since she was not aware of any interference with her marriage until July 23, 1982, the statute of limitations does not begin to run against her until that date, and that this action was filed within one year from that time.

The question presented in this case is one of first impression in Kentucky. *Skaggs, supra,* primarily determined that the one-year limitation applied in an action for alienation of affections. It was argued in that case that a five-year limitation should be applicable. Our primary question is, when does the time begin to run in this situation? Both sides refer to the case of *Justice v. Justice*, 295 Ky. 610, 175 S.W.2d 21 (1943), to support their arguments. We determine that *Justice* is helpful but not dispositive of this case. The court held in *Justice* that an action for alienation of affections based on criminal conversation was not barred by the statute when the evidence showed that a relationship existed for a period of time but was interrupted when the wife gave birth to a child. The

unlawful relationship was resumed, however, and the husband filed his action eight months after the resumption. The previous unlawful relationship had ended more than a year before the action was commenced. Here, we have no interruption, but a continuing relationship between Mott Plummer and Sara Summe.

Summe cites various cases to support the judgment of the trial court, but we find no merit in the application of any of them. It may be that periods of limitation are established to cut off rights and the legislated periods must be strictly adhered to by the courts, *Bell v. Gray*, 191 F.Supp. 328 (E.D. Ky.1960); but, we find no usable analogy with the limitation on slander and defamation as discussed in *Barnett v. Louisville & Nashville Railroad Co.*, 407 F.2d 1333 (6th Cir.1969). The tort and the damage in slander and defamation occurs when the slanderous communication is made to a third party. In this case, the marriage remained viable until the events of July 23, 1982. The fact that similar acts had occurred regularly and somewhat continuously from and after June 25, 1981, was of no direct consequence to Mary Ann. This is apparently true whether her knowledge caused her to seek an end to the marriage or whether Mott finally made a decision to end his charade and end the marriage.

Summe also argues that Kentucky only recognizes a "time of discovery" rationale in two types of cases. One concerns medical malpractice, *Tomlinson v. Siehl*, Ky., 459 S.W.2d 166 (1970), and the other is legal malpractice, *Conway v. Huff*, Ky., 644 S.W.2d 333 (1983). The general rule in these situations is that the action must commence within the time limit after the injury is first discovered or should have been discovered in the exercise of reasonable care.

We decline to apply the "time of discovery" doctrine to the statute of limitation pertaining to tortious interference with a marriage, because there must be some limitation on when an action can be commenced. Instead, we look to the time of the last act prior to discovery. Had there

been only one tortious act which occurred on June 25, 1981, which was subsequently discovered on July 23, 1982, we would conclude that any action would be barred. In this case, however, there were continuing unlawful acts, including the one committed on July 23, 1982. If this was the last act or only act, the suit could be brought at any time within the one-year limitation. The one year would run from that date, even though the activity was not discovered until a later time. In no event would the limitation extend beyond one year following the last wrongful act.

In a sense, this decision is comparable to *Justice, supra.* Each of the various acts of sexual relationships are interrupted by a period of time. Each new unlawful liaison may become the basis for a cause of action provided the last one is discovered and prosecuted in time. The situation in *Justice* had gone on for a long period of time, but the resumption was discovered and suit was brought within eight months.

We have no way of knowing at this time when or why this marriage went on an inexorable course toward the rock pile, but the final incident which destroyed the marriage was the event which occurred on July 23, 1982. A tortious act occurred on that date, and it was also on that date when Mary Ann had her first knowledge of the affair. Her claim is not barred by KRS 413.140(1)(c).

The judgment of the Kenton Circuit Court is reversed, and this action is remanded for further proceedings.

All concur.