Edward H. BOHL, Appellant,

v.

CONSOLIDATED FREIGHTWAYS CORPORATION OF DELAWARE and Dixie Auto Transport Company, Appellees.

No. 88–CA–2189–MR.

Court of Appeals of Kentucky.

Oct. 6, 1989.

Charles E. English, Jr., English, Lucas, Priest & Owsley, Bowling Green, for appellant.

Timothy L. Mauldin, Bell, Orr, Ayers & Moore, Bowling Green, for appellee, Consolidated Freightways Corp. of Delaware.

William J. Rudloff, Harlin, Parker & Rudloff, Bowling Green, for appellee, Dixie Auto Transport Co.

Before CLAYTON, ELSWICK and MCDONALD, JJ.

ELSWICK, Judge:

Edward H. Bohl appeals from an order of the Simpson Circuit Court reducing a jury verdict by $10,000.00. Finding no error, we affirm.

Appellant, a resident of Tennessee, is a tractor trailer driver employed by appellee Consolidated Freightways. On December 20, 1983, he was traveling north on Interstate 65 in Simpson County when a truck owned by appellee Dixie Auto Transport collided with the tractor trailer he was operating forcing it off the road and down an embankment. Appellant was injured as a result of the accident.

Appellant filed suit against both his employer, Consolidated Freightways, and Dixie Auto Transport. He later dismissed his action against Consolidated in an agreed order dismissing all claims "... asserted herein, or which could have been asserted herein...." His action against Dixie Auto Transport proceeded to trial and he obtained a verdict against Dixie for pain and suffering in the amount of $5,000.00, medical expenses in the amount of $1,786.57, and lost wages in the amount of $35,000.00. Appellant's verdict was reduced by the trial court in the amount of $11,904.01 and judgment in that amount against Dixie was awarded to Consolidated Freightways to reimburse Consolidated Freightways for worker's compensation benefits it had paid appellant. Appellant was left, therefore, with a net judgment against Dixie Auto Transport in the amount of $29,882.56, plus interest. On subsequent motion of Dixie, however, appellant's judgment was further reduced by an additional $10,000.00. It is from this order appellant takes this appeal.

Dixie's motion was grounded upon KRS 304.39–060(2)(a) which provides that tort liability is "abolished" to the extent basic reparation benefits provided by the statute are "payable." KRS 304.39–020(2) provides for payment of basic reparation benefits not to exceed $10,000.00 to reimburse for net loss suffered through injury arising out of the operation, maintenance or use of a motor vehicle. Dixie's position was that since appellant was entitled to recover $10,000 from his employer, a self-insurer, Dixie was entitled to a credit or setoff in the amount of $10,000.00 against appellant's recovery.

Appellant argues on appeal that he did not receive $10,000.00 from his employer under the provisions of these statutes and that he is being unfairly penalized by the reduction of his judgment. He further argues Dixie has already received the benefit of a $10,000.00 credit or setoff because the trial court by its instructions limited his recovery of lost wages to $75,000.00 despite his proof of lost wages in an amount exceeding $99,000.00.

Pursuant to KRS 304.39–060(1) any person who operates a motor vehicle on the public roadways of this state is deemed to have accepted the provisions of the Motor Vehicle Reparations Act, KRS

Chapter 304, Subtitle 39. Appellant makes no claim to having rejected the provisions of this act. Having, therefore, accepted the provisions of the act, appellant was entitled, despite being a non-resident, to recover $10,000.00 in basic reparation benefits. KRS 304.39–030(1). A self-insurer, such as Consolidated Freightways, is a reparation obligor under the terms of the statute. KRS 304.39–020(13).

As this court held in *Stone v. Montgomery*, Ky.App., 618 S.W.2d 595 (1981):

> "We conclude that the MVRA plainly abolishes a motorist's liability to the extent that BRB benefits (sic) are payable for injuries another motorist may incur."

■ Appellant argues he made no claim for basic reparation benefits and received none; therefore, he contends, nothing should have been deducted from his judgment. Unfortunately for appellant's argument, however, the law does not require these benefits actually be paid. As we said in *Thompson v. Piasta*, Ky.App., 662 S.W.2d 223 (1983):

> "The Legislature made no exception to the word 'payable' requiring actual payment of the benefits as a condition precedent to the abolishment of tort liability to the extent that the benefits were 'payable.' We conclude and hold, therefore, it is immaterial whether basic reparations benefits have been or have not been paid to an injured party, who is subject to our 'no fault' provisions, such party is not entitled to an award from the defendant in a trial on liability for any item of damages for which such benefits are payable under the 'no fault' provisions of KRS Chapter 304, Subtitle 39."

Appellant contends, nonetheless, the judgment should not have been reduced because the trial court erroneously limited his possible recovery for lost wages to $75,-000.00 despite proof of lost wages in an amount exceeding $99,000.00. We are not persuaded by this argument. If we accepted this argument of appellant the avenue would be opened to argue the jury's verdict was clearly erroneous because it reduced appellant's claim to $35,000.00. Although it may have been error to arbitrarily limit appellant's potential recovery to $75,000.00, such error has not been preserved for review by this court. Had it been preserved it would most likely have been found to be harmless error in view of the jury's verdict in the amount of $35,000.00 for lost wages.

■ In *Carta v. Dale*, Ky., 718 S.W.2d 126 (1986), the Supreme Court held that "[an] injured person can assert a claim only for those damages which exceeded the amounts payable as basic reparation benefits." It is not error for proof of lost wages and medical expenses to be introduced because of "... its evidentiary value as it bears on the question of pain and suffering." 718 S.W.2d at 129 (Justice Leibson concurring). As the majority opinion holds, however:

> "The effect of this statute is to abolish the claims for lost wages and medical expenses of a person injured in an automobile accident against the person who caused the injury to the extent that basic reparations are payable therefor."

The trial court correctly perceived Dixie was entitled to a setoff for basic reparation benefits and further correctly perceived that a setoff was applicable to a judgment entered pursuant to the jury's verdict although obviously $10,000.00 could have been deducted from the verdict prior to entry of judgment. We, therefore, conclude the trial court was correct in reducing appellant's judgment by $10,000.00.

■ For his next assignment of error, appellant contends the trial court erred by refusing to permit him to file an amended complaint against Consolidated Freightways. We have considered the authority cited by appellant, but perceive no error in view of the agreed order dismissing with prejudice "... all claims of the plaintiff asserted herein, or which could have been asserted herein...."

For the foregoing reasons the judgment of the Simpson Circuit Court is affirmed.

All concur.