**Beth Wilkerson LUTTRELL, Administratrix, Paul David Luttrell Estate, Appellant,**

v.

**Philip WOOD, Administrator, Pamela Sue Wood Estate, Appellee.**

No. 94–SC–342–DG.

Supreme Court of Kentucky.

May 11, 1995.

Rehearing Denied Aug. 24, 1995.

Ronald M. Sullivan, R. Michael Sullivan, Holbrook, Wible, Sullivan & Mountjoy, P.S.C., Owensboro, for appellant.

Marvin P. Nunley, Owensboro, for appellee.

STUMBO, Justice.

The issue presented is whether basic reparation benefits (BRB's) paid as survivor's replacement services loss benefits pursuant to KRS 304.39–020(5)(e) should be credited against an award for wrongful death. KRS 411.130. Put differently, are survivor's replacement services loss benefits a recoverable element of damages in a wrongful death action? We find that they are not, and deny the credit.

The facts giving rise to this appeal are these: On April 18, 1990, Paul Luttrell and Pamela Wood died of carbon monoxide poisoning while occupying an automobile owned by Luttrell. Luttrell's insurance company paid $1,000 to Philip Wood, Pamela's husband, for funeral expenses pursuant to KRS 304.39–020(5)(a) and $9,000, the balance of the BRB's, to Philip Wood as survivor's replacement services loss benefits under KRS 304.39–020(5)(e).

In order to obtain BRB's under that provision, Wood provided an affidavit setting forth the child care expenses he was incurring and anticipated in the future as a result of his wife's death.[1] Wood, as administrator and personal representative, then filed an action against the estate of Luttrell for wrongful death. The jury found Luttrell to be 80% at fault and Wood 20% at fault. Woods' damages were set at $100,000 loss of earning power and $3,665.33 funeral expenses. Upon apportionment of fault, judgment was entered in the amount of $82,932.26 plus interest and costs. Luttrell filed a post-judgment motion to reduce the judgment by $10,000 based on KRS 304.39–060(2)(a). The motion was overruled.

---

1. *See Couty v. Ky. Farm Bureau Mutual Insurance Co.,* Ky., 608 S.W.2d 370 (1980), wherein we held that survivor's replacement services loss included expenses the survivor has paid or has become obligated for and those for loss of services which it is reasonably probable would have been rendered in the future.

The Court of Appeals affirmed in part and reversed in part. The Court of Appeals' reasoning is as follows:

[I]n this case the $9,000 paid in BRB's to Philip Wood were specifically denominated as being "survivor's replacement services loss benefits." The judgment awarded to Philip Wood was for loss of earning power, which is the tort equivalent of survivor's economic loss. Since Wood suffered both replacement services and economic losses he could have recovered for both by way of BRB's had the total not exceeded $10,000. As it was, the BRB's were used up for replacement services loss and, therefore, were not payable for economic loss. Since they were not payable for the damages compensated by the judgment, the judgment need not be reduced pursuant to KRS 304.39–060(2)(a).

The Court of Appeals then held that the $1,000 BRB paid for funeral expenses did duplicate the judgment for funeral expenses and allowed that credit, a decision not at issue in this Court.

KRS 304.39–020(5)(e) states as follows:

"Survivor's replacement services loss" means expenses reasonably incurred by survivors after decedent's death in obtaining ordinary and necessary services in lieu of those the decedent would have performed for their benefit if he had not suffered the fatal injury....

Luttrell's arguments on appeal are as follows: Though paid as survivor's replacement services loss, the $9,000 could have been paid as survivor's economic loss (KRS 304.39–020(5)(d)); survivor's economic loss benefits are the equivalent of the destruction of the decedent's earning power (the measure of damages recoverable in a wrongful death action); because the BRB's were payable, though not paid, for a recoverable damage, she is entitled to the credit.

A careful reading of the Motor Vehicle Reparations Act reveals the fallacy of Luttrell's argument. Specifically put, survivor's economic loss, as defined by the statute, ex-cludes "services [his survivors] would have received from the decedent if he had not suffered the fatal injury...." KRS 304.39–020(5)(d).

That different areas of loss are covered in the two survivor's loss provisions becomes clear when one examines the corresponding provisions in KRS 304.39–020 for the injured persons. Work loss is defined in subsection (5)(b) as loss of income from work, plus expenses incurred in obtaining those services that would have otherwise produced income, less income from substitute work. Replacement services loss is defined in subsection (5)(c) as the expense of replacing the ordinary necessary services the injured worker would have performed, not for income, but for himself or his family, but for the injury.

■ Thus, work loss and survivor's economic loss are both tailored to the replacement of income though using slightly different language, while the two replacement services loss sections cover those services that are associated with the "ordinary and necessary" tasks of day-to-day life, such as house work, child care, maintenance of the family home, yard work, and others too numerous to mention.

It has long been established that the measure of damages for a wrongful death under the Kentucky Wrongful Death Statute is "the value of the destruction of the power of the decedent to earn money. The existence and status of survivors has no bearing on the calculation of this value." *Adams v. Davis,* Ky.App., 578 S.W.2d 899, 902 (1979); KRS 411.130.

■ While valuable to Wood's survivors, the services which were compensated for by the BRB's at issue here were but the ordinary and necessary services that come with day-to-day family life, not services producing economic benefit. These services are clearly not an element of damages for wrongful death, thus no credit is given.

Alternatively, Luttrell also argues that it is irrelevant that any BRB's have been paid because KRS 304.39–060(2)(a) abolishes tort liability for damages to the extent BRB's are payable. She states that it is immaterial

whether or not BRB's have been paid to an injured party who is subject to the MVRA. For these principles, Luttrell relies upon *Thompson v. Piasta,* Ky.App., 662 S.W.2d 223 (1983) and *Bohl v. Consolidated Freightways,* Ky.App., 777 S.W.2d 613 (1989). We find both cases to be distinguishable.

First, neither involved survivor's replacement services loss nor a wrongful death action. Additionally, in both cases the injured party neither applied for nor received BRB's. Finally, both cases clearly state that an injured party who is subject to our no-fault provisions is not entitled to an award from the defendant in a trial on liability "for any item of damages for which such benefits are payable under the 'no fault' provisions." *Thompson,* 662 S.W.2d at 226. In *Thompson,* the Court of Appeals directed a remand for allowance of a credit against the jury's award for pain and suffering and medical expenses to the extent appropriate. The Court of Appeals in *Bohl* affirmed a credit against a judgment in excess of $29,000, all but $5,000 of which was for lost wages and medical expenses. Thus, in both cases the BRB's given credit for, while not actually paid to the injured parties, were payable for damages recoverable in a personal injury action. As we have previously held in this opinion, the BRB's paid for survivor's replacement services loss were not payable for an element of damages recoverable in a wrongful death action, thus *Thompson* and *Bohl* do not apply.

Finally, we must make clear that while we are affirming the Court of Appeals' decision, we have not deemed it necessary to pass on that court's holding that loss of earning power is the equivalent of survivor's economic loss.

For the reasons set forth herein, the decision of the Court of Appeals is hereby affirmed.

STEPHENS, C.J., LAMBERT, REYNOLDS, SPAIN and WINTERSHEIMER, JJ., and PAUL K. MURPHY, Special Justice, concur.

LEIBSON, J., not sitting.