**Virginia GAITHER, Administratrix of the Estate of Lebron Elliott Gaither, Appellant,**

v.

**COMMONWEALTH of Kentucky, Board of Claims; Commonwealth of Kentucky, Justice Cabinet; and Commonwealth of Kentucky, Kentucky State Police, Appellees.**

No. 2003–CA–000481–MR.

Court of Appeals of Kentucky.

Oct. 1, 2004.

Discretionary Review Denied by Supreme Court May 11, 2005.

Daniel T. Taylor, III, Louisville, KY, for appellant.

James M. Herrick, Kentucky State Police Legal Office, Frankfort, KY, for appellee, Kentucky State Police.

Before the Full Court Sitting EN BANC.

*OPINION*

MINTON, Judge.

In this appeal from a Board of Claims action, Franklin Circuit Court affirmed the

---

3. Rules of the Supreme Court.

Board's determination that Virginia Gaither's wrongful death action is barred by the statute of limitations. The circuit court's ruling was in accordance with our prior precedent on the matter; however, because we believe that decision was in error, we now reverse and remand for further proceedings.

LeBron Gaither was killed on July 17, 1996. Virginia Gaither, LeBron's grandmother, was appointed administratrix of his estate on February 14, 1997. On February 12, 1998, Virginia filed a wrongful death action with the Board of Claims, alleging that LeBron's death came as a result of negligence on the part of the Kentucky State Police (KSP). Specifically, she alleges that KSP failed to adequately protect LeBron while he was working as a confidential informant, resulting in his death at the hands of drug dealers he had been sent to infiltrate.

The Board of Claims held that Virginia's action was barred by the one-year limitations period regarding actions before the Board of Claims.[1] On appeal, Franklin Circuit Court affirmed the Board's decision, following our opinion in *Gray v. Commonwealth, Transp. Cab., Dept. of Highways.*[2] *Gray* held that although the one-year statute of limitations generally applicable to wrongful death actions does not begin to run until after the appointment of a personal representative,[3] actions before the Board of Claims are subject to a rigid limitations period of one year from the date of death, regardless of when a personal representative was appointed.[4]

In *Conner v. George W. Whitesides Co.,*[5] the Supreme Court examined KRS 413.180, which provides that certain actions brought by a personal representative are timely if commenced within one year after the qualification of the representative. In analyzing whether wrongful death actions are within its scope, the Court reasoned:

The statute limits its scope to actions "mentioned" in KRS 413.090 to 413.160. The statute creating a wrongful death action, KRS 411.130, is not among the statutes listed nor is a wrongful death action "mentioned" explicitly in the listed statutes. However, KRS 413.140 is among these statutes. KRS 413.140(1) and its predecessors have been recognized for over 100 years as establishing a one year statute of limitations for wrongful death claims.[6] We reaffirm the applicability of this statute to wrongful death claims. KRS 413.140(1) provides a one year statute of limitations for actions relating to "an injury to the person of the plaintiff." Death is simply the final injury to a person.

Since KRS 413.140(1) is within the statutes listed in KRS 413.180, then the question becomes whether wrongful death claims naturally come within the purview of the latter statute.... Statutory changes to KRS 413.180 enacted in 1988 suggest that the exclusionary view taken in [older] cases is inappropriate. The General Assembly has reenacted the inclusive reference to KRS 413.140 which the courts have stated expresses the wrongful death limitation but restricted the extension in KRS 413.180(2)

1. Ky.Rev.Stat. (KRS) 44.110(1).

2. Ky.App., 973 S.W.2d 61 (1997).

3. *See Conner v. George W. Whitesides Co.,* Ky., 834 S.W.2d 652 (1992); KRS 413.180.

4. *Gray, supra,* at 64.

5. *Supra,* n. 3.

6. *See Carden v. Louisville & N.R. Co.,* 101 Ky. 113, 39 S.W. 1027 (1897).

to one year so that the effect of including the wrongful death limitation in KRS 413.140(1) within the reach of KRS 413.180(2) is a reasonable extension to two years from date of death.[7]

In *Gray v. Commonwealth, Transp. Cab., Dept. of Highways*,[8] we were called upon to determine whether *Conner's* holding that the limitations period for wrongful death actions is extended through operation of KRS 413.180 applies in actions before the Board of Claims. We held with little explanation that KRS 413.180 has no application before the Board of Claims.

Our reasoning followed the dissent in *Conner* by starting with the proposition that a cause of action for wrongful death never vests in the decedent but, rather, in the personal representative. We interpreted the reference in KRS 44.110(3) to a "claimant" in a personal injury action to refer to the individual who has suffered the actual injury rather than to a personal representative.[9] Therefore, we concluded that KRS 413.180 had no application to an action before the Board of Claims, and all actions for wrongful death must be brought within one year of the decedent's death, regardless of when the personal representative was appointed.

The central premise underlying our reasoning was refuted in a later case. In *Boarman v. Commonwealth*,[10] the Supreme Court was called upon to interpret the word "claimant" as used in the statute establishing the Board of Claims and its substantive authority, KRS 44.070. In determining entitlement to a decedent's life insurance policy, the Court found that "claimant" referred to the personal representative in her capacity as administratrix of the decedent's estate.[11]

While one could attempt to distinguish *Boarman* from the present case by emphasizing that the question before the *Boarman* Court was whether "claimant" referred to the decedent's widow individually or in her capacity as administratrix,[12] we find it significant that nowhere is the decedent mentioned as a possible "claimant." "Claimant" is defined as "[o]ne who asserts a right or demand, esp. formally; esp., one who asserts a property interest in land, chattels, or tangible things."[13] Since it would be impossible for a decedent to assert a right before the Board of Claims, *Gray's* interpretation is strained and in error. Like the Supreme Court in *Boarman*, we read "claimant" in KRS 44.110 as referring to an executor or administrator acting as personal representative for the estate.

KRS 44.110(3) allows for a personal injury action to be brought within one year from the time it is discovered, or reasonably should have been discovered by the claimant, but in no event longer than two years from the date on which it actually occurred. This can easily be applied to wrongful death actions in that KRS 413.180 allows an action which would otherwise be barred by limitations to be brought within one year of qualification of the personal representative; however, in the event more than one year passes between the death and qualification of a rep-

---

7. *Conner, supra*, n. 3, at 653–654.

8. *Supra*, n. 2.

9. *Id.* at 64.

10. Ky., 37 S.W.3d 759 (2001).

11. *Id.* at 762.

12. *Id.*

13. *Black's Law Dictionary* (8th ed.2004).

resentative, the representative is deemed to have qualified on the last day of the one-year period.[14] Therefore, KRS 413.180 establishes that no covered action may be brought more than two years from the date of the decedent's death, which precisely mirrors the two-year maximum contemplated in KRS 44.110(3). Because the statutes are harmonious, we, like the dissent in *Gray*, see no reason to create different classes of plaintiffs/personal representatives in wrongful death cases based on whether the death is alleged to have occurred as the result of the Commonwealth's negligence or that of another party.[15]

Accordingly, we overrule our decision in *Gray* and hold that wrongful death actions against the Commonwealth may be pursued before the Board of Claims by a personal representative up to one year from the date of the qualification of the personal representative, with a maximum limitation of two years from the date of the death. Since Virginia Gaither's claim before the Board of Claims was timely under this standard, we reverse and remand for further proceedings.

ALL CONCUR.

---

14. KRS 413.180(2).

15. *See Gray, supra,* at 64 (Combs, J., dissenting).