RENDERED:  FEBRUARY 20, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1011-MR

ESTATE OF HARLOW STEWART,
BY AND THROUGH ITS
ADMINISTRATRIX, BRITTANY D.
SEXTON (AKA BRITTANY D.
COOK); BRITTANY D. SEXTON
(AKA BRITTANY D. COOK); AND
KOREE A. STEWART                                      APPELLANTS


                    APPEAL FROM SCOTT CIRCUIT COURT
v.          HONORABLE KATHRYN H. GABHART, JUDGE
                    ACTION NO. 23-CI-00515


COY ALDEN FLOWERS, M.D., AND
GEORGETOWN COMMUNITY
HOSPITAL, LLC                                           APPELLEES


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  CALDWELL, MCNEILL, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  The Estate of Harlow Stewart, by and through its

administratrix, Brittany D. Sexton, (a/k/a Brittany D. Cook), Brittany D. Sexton

(a/k/a Brittany D. Cook), and Koree A. Stewart bring this appeal from a July 18,

2024, Opinion and Order dismissing the action as time-barred.  We reverse and remand.

Brittany D. Sexton and Koree Stewart were involved in a motor vehicle accident with another vehicle on October 3, 2021.  Sexton sought care from the Georgetown Community Hospital, LLC (Georgetown Hospital) for pain related to the accident and to ensure her pregnancy was unaffected.  At the time, Sexton was thirty-five weeks pregnant, and Stewart was the father of the unborn child (Harlow).  Sexton was treated by Coy Alden Flowers, M.D., at the Georgetown Hospital.  Some twenty-one days later, on October 24, 2021, Harlow was delivered stillborn.[1]  Sexton was appointed administratrix of Harlow's estate on May 8, 2023.

In a separate action in 2023, Sexton and Stewart filed a complaint against the driver of the other vehicle involved in the accident alleging negligence.  Sexton and Stewart claimed that the stillbirth of Harlow was caused by the motor vehicle accident.  To prove their claims, Sexton and Stewart retained a medical expert.  On March 3, 2023, the medical expert informed Sexton and Stewart that he

---

[1] There is disagreement between the parties as to whether the stillbirth occurred on October 23, 2021, or October 24, 2021.  The one-day difference is not material to resolution of this appeal.  Nonetheless, viewing the facts most favorable to Brittany D. Sexton and Koree Stewart, we shall utilize the October 24, 2021, date.

believed that Dr. Flowers/Georgetown Hospital committed medical negligence and

that such medical negligence also contributed to causing the stillbirth of Harlow.

As a result, on July 31, 2023, Sexton, individually and as personal

representative of Harlow's estate, and Stewart filed the instant action against Dr.

Flowers and Georgetown Hospital. In the complaint, it was alleged:

<u>**COUNT I**</u>
<u>**WRONGFUL DEATH OF HARLOW STEWART**</u>

1. Plaintiff's Certificate of Merit is attached hereto and marked as Exhibit 1.

2. This a claim for the wrongful death of Harlow Stewart brought by the Estate of Harlow Stewart, by and through the Administratrix, Brittany Sexton, pursuant to KRS 411.130.

3. Harlow Stewart was stillborn on October 23, 2021.

4. The Estate of Harlow Stewart is an estate established by the Scott District Court in Scott County, Kentucky. Brittany Sexton was appointed its Administratrix by the said order on May 8, 2023.

. . . .

8. The agents, servants, and/or employees and/or ostensible and/or apparent agents servants of Georgetown Hospital both jointly and severally rendered care and treatment in their professional capacities to Plaintiff Sexton and were at all times within the scope of their respective agency and/or employment.

9. That on or about October 3, 2021, Georgetown Community Hospital was negligent in its treatment and care of Plaintiff Sexton by acts of omission and/or

commission. These deviations from the accepted standard of care in the performance of their duties were a substantial factor in causing the wrongful death of Harlow Stewart.

10. At all times relevant herein, Dr. Flowers was a resident of the Commonwealth of Kentucky and a Doctor of Medicine that practiced medicine in the Commonwealth of Kentucky and provided medical care to Plaintiff Sexton and Harlow Stewart.

11. The acts of negligence hereinafter alleged against Dr. Flowers were performed in Scott County, Kentucky[,] during the course of a medical provider relationship with Plaintiff Sexton and Harlow Sexton.

12. That on or about October 3, 2021, while serving as the obstetrician on call for Georgetown Community Hospital, Dr. Flowers was negligent in his care and treatment of Plaintiff Sexton. These deviations from the accepted standards of care in the performance of his duties was a substantial factor in causing the wrongful death of Harlow Stewart.

13. As a result of the above negligence, Plaintiff [sic] Estate suffered damages and seeks recovery of damages suffered by Harlow Stewart's wrongful death, including such sums as will fairly and reasonably compensate the decedent's estate for the destruction of decedent's earning power, funeral expenses, and administration costs and said damages are in excess of the jurisdictional limit of this Court.

. . . .

**COUNT II**
**PLAINTIFFS BRITTANY SEXTON'S**
**AND KOREE STEWART'S**
**LOSS OF CHILD CONSORTIUM**

. . . .

18. The negligent and reckless conduct described above of the Defendants caused the wrongful death of Harlow Stewart.

19. As a result of the negligent and reckless acts of the Defendants described above that caused the wrongful death of Harlow Stewart, Plaintiffs Stewart and Sexton lost the affection and companionship that would have been derived from Harlow Stewart during her minority.

20. Plaintiffs Sexton and Stewart bring their claims for this loss of consortium pursuant to KRS [Kentucky Revised Statutes] 411.135.

July 31, 2023, Complaint at 2-4. Thereafter, Dr. Flowers and Georgetown Hospital filed answers and also filed motions to dismiss.

In their motions to dismiss, Dr. Flowers and Georgetown Hospital maintained that the claims against them were filed untimely and were time-barred. They pointed out that Sexton received medical treatment on October 3, 2021, Harlow was stillborn on October 24, 2021, Sexton was appointed administratrix of Harlow estate on May 8, 2023, and the complaint was filed on July 31, 2023. As to the wrongful death claim, Dr. Flowers and Georgetown Hospital argued that Kentucky Revised Statutes (KRS) 413.180 mandated that a personal representative must be appointed within one year of the decedent's death or the wrongful death

claim was time-barred. Because Sexton was not appointed within one year of Harlow's death, Dr. Flowers and Georgetown Hospital asserted that the wrongful death claim was time-barred by KRS 413.180. Additionally, Dr. Flowers and Georgetown Hospital contended that the loss of consortium claims were, likewise, time-barred. Dr. Flowers and Georgetown Hospital maintained that KRS 413.140(1)(a) provides for a one-year statute of limitations for a parental loss of consortium claim. According to Dr. Flowers and Georgetown Hospital, the loss of consortium claim accrued on October 3, 2021, when Sexton received medical care, and the complaint was not filed until July 31, 2023, which was untimely. Similarly, Dr. Flowers and Georgetown Hospital asserted that the medical negligence claim was time-barred as the compliant was not filed within a year of the alleged negligence per KRS 413.140(1)(e).

In their responses, Sexton and Stewart recited that they hired a medical expert in connection with their action against the driver of the other motor vehicle involved in the accident. Sexton and Stewart pointed out that the medical expert informed them on March 3, 2023, that Dr. Flowers and Georgetown Hospital possibly committed medical negligence in their care of Sexton and that such negligence was a contributing factor in causing the stillbirth of Harlow. Before being informed by the medical expert, Sexton and Stewart maintained that they had no reason to suspect that Dr. Flowers or Georgetown Hospital committed

-6-

negligence that contributed to Harlow's stillbirth.  Upon learning of Dr. Flowers and Georgetown Hospital's medical negligence, Sexton and Stewart asserted that they filed a complaint against Dr. Flowers and Georgetown Hospital some four months later, on July 31, 2023.  Sexton and Stewart argued that they filed the complaint timely based upon the discovery rule.  Sexton and Stewart maintained that they only discovered Dr. Flowers and Georgetown Hospital's possible negligence on March 3, 2023, and could not have discovered with reasonable diligence the negligence earlier.  Sexton and Stewart also maintained that the wrongful death claim was filed timely.  Sexton and Stewart argued that KRS 413.180 required a wrongful death claim to be filed within one year of the appointment of the personal representative or no longer than two years after the decedent's death.  According to Sexton and Stewart, if the personal representative was not appointed within one year of the decedent's death, KRS 413.180(2) stated that the personal representative was deemed to have been appointed on the last day of the one-year period after the decedent's death.  Sexton and Stewart pointed out that the complaint was filed on July 31, 2023, which was timely under KRS 413.180.  Sexton and Stewart also attached their affidavits to the response.

By Opinion and Order entered July 18, 2024, the circuit court granted the motions to dismiss and concluded that Sexton's and Stewart's claims were time-barred by the applicable statute of limitations.  This appeal follows.

## STANDARD OF REVIEW

To begin, the circuit court rendered an Opinion and Order dismissing Sexton and Stewart's complaint pursuant to Kentucky Rules of Civil Procedure (CR) 12.02 and pursuant to CR 56.02. Under CR 12.02, a court may dismiss an action for failure to state a claim upon which relief could be granted only if the "pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim." *Pari-Mutuel Clerks' Union of Ky., Local 541, SEIU, AFL-CIO v. Ky. Jockey Club*, 551 S.W.2d 801, 803 (Ky. 1977). When ruling upon a CR 12.02 motion, matters outside the pleadings may not be considered; however, if matters outside the pleadings are considered, the motion must be viewed as a motion for summary judgment under CR 56. *Ferguson v. Oates*, 314 S.W.2d 518, 521 (Ky. 1958). Here, the circuit court considered matters outside of the pleadings; thus, the Opinion and Order must be viewed as a summary judgment.

Summary judgment is proper where there exists no genuine issue of material fact and movant is entitled to judgment as a matter of law. *Ashland Hosp. Corp. v. Darwin Select Ins. Co.*, 664 S.W.3d 509, 515-16 (Ky. 2022) (quoting CR 56.03). All facts and inferences therefrom are viewed in a light most favorable to the nonmoving party. *Ogden v. Emps. Fire Ins. Co.,* 503 S.W.2d 727, 729 (Ky. 1973). As we accord no deference to the trial court's assessment of the record or

its conclusions, our review is *de novo*. *Blackstone Mining Co. v. Travelers Ins. Co.*, 351 S.W.3d 193, 198 (Ky. 2010), *as modified on denial of reh'g* (Ky. 2011).

## ANALYSIS

1. <u>Wrongful Death Claim</u>

Sexton contends that the circuit court erroneously dismissed the wrongful death claim as time-barred. Sexton asserts that the wrongful death claim was timely filed under KRS 413.180. Under its provisions, Sexton argues that if the personal representative were not appointed within one year from the date of the decedent's death, the personal representative is deemed to have been appointed on the last day of the one-year period after the decedent's death. As Sexton was not appointed personal representative within one year of Harlow's death, Sexton argues that she is deemed appointed the personal representative on the last day of the one-year period from Harlow's death, which was October 24, 2022. Per KRS 413.180, Sexton maintains that the wrongful death claim had to be filed within one year of October 24, 2022, or no later than two years from Harlow's date of death. As the complaint was filed on July 31, 2023, Sexton believes the wrongful death action was timely filed.

KRS 413.140[2] sets forth the relevant statute of limitations for the wrongful death claim; it provides, in part:

> (1) The following actions shall be commenced within one (1) year after the cause of action accrued:
>
> > (a) An action for an injury to the person of the plaintiff, or of her husband, his wife, child, ward, apprentice, or servant[.]

And KRS 413.180 sets forth the statute of limitations for actions by or against the personal representative of an estate; it reads:

> (1) If a person entitled to bring any action mentioned in KRS 413.090 to 413.160 dies before the expiration of the time limited for its commencement and the cause of action survives, the action may be brought by his personal representative after the expiration of that time, if commenced within one (1) year after the qualification of the representative.
>
> (2) If a person dies before the time at which the right to bring any action mentioned in KRS 413.090 to 413.160 would have accrued to him if he had continued alive, and there is an interval of more than one (1) year between his death and the qualification of his personal representative, that representative, for purposes of this chapter, shall be deemed to have qualified on the last day of the one-year period.

---

[2] The Kentucky Supreme Court has recognized that Kentucky Revised Statutes (KRS) 413.140(1) is the appropriate statute of limitations for a wrongful death claim as "[d]eath is simply the final injury to a person." *Conner v. George W. Whitesides Co.*, 834 S.W.2d 652, 654 (Ky. 1992).

The interplay between KRS 413.140 and KRS 413.180 was explained by the Kentucky Supreme Court in *Estate of Wittich, by and through Wittich v. Flick*, 519 S.W.3d 774 (Ky. 2017) and in *Conner v. George Whitesides Co.*, 834 S.W.2d 652 (Ky. 1992). In *Flick*, 519 S.W.3d at 776, the Supreme Court determined that the statute of limitations for a wrongful death claim was found in KRS 413.140(1)(a) and that it was one year from the date of accrual. The Court recognized that the personal representative of the estate must commence a wrongful death claim;[3] therefore, KRS 413.180(2) is implicated in a wrongful death claim. *Id.* at 777. Under KRS 413.180(2), the Court concluded that "a wrongful-death claim commences upon the appointment of a personal representative *or* no longer than two years from the date of the death." *Flick,* 519 S.W.3d at 777 (citing *Gaither v. Commonwealth,* 161 S.W.3d 345, 348 (Ky. App. 2004)); *see also* KENTUCKY HANDBOOK SERIES, WRONGFUL DEATH ACTIONS, Section 10:5 (2025). Additional elucidation of this rule was set forth by the Kentucky Supreme Court in *Conner*, 834 S.W.3d at 654-55, as follows:

> KRS 413.180(2) provides that if the personal representative is not appointed within a year after death but is appointed after that time, the one year anniversary of death is considered the date of appointment, and the personal representative has one year from the one year anniversary of death to commence a cause of action. The net effect of this statute in this case is to provide two

---

[3] KRS 411.130(1) provides that a personal representative of the estate must commence a wrongful death claim.

-11-

years from the date of death to appoint a personal representative and commence a cause of action for wrongful death.

In this case, the record reveals that Harlow was delivered stillborn on October 24, 2021, Sexton was appointed personal representative of the estate on May 8, 2023, and the wrongful death action was filed on July 31, 2023. As Sexton was not appointed personal representative within one year of Harlow's death, Sexton is legally deemed to have been appointed personal representative on the date of one year anniversary of Harlow's death (October 24, 2022), for statute of limitations purposes.

Sexton filed the wrongful death claim on July 31, 2023, which is within one year from the date Sexton is legally deemed to have been appointed the personal representative of Harlow's estate (October 24, 2022). As the wrongful death claim was filed on July 31, 2023, the claim is timely because it was filed within one year of Sexton's *de jure* appointment as personal representative for statute of limitations purposes. Consequently, we conclude that Sexton timely filed the wrongful death claim, and the circuit court erred by rendering summary judgment dismissing the wrongful death claim.

2. Medical Negligence

Sexton also asserts that the circuit court erroneously dismissed the claim of medical negligence against Dr. Flowers and Georgetown Hospital as time-

-12-

barred under KRS 413.140(1)(e). Citing to KRS 413.140(2), Sexton claims that the one-year limitations period in KRS 413.140(1)(e) commences when "she discover[s] or should have discovered (1) she has been wronged; and, (2) by whom the wrong has been committed." Appellant's Brief at 3. According to Sexton, she did not know and could not have reasonably discovered the medical negligence of Dr. Flowers or Georgetown Hospital until her expert witness informed her of same on March 3, 2023. Before such time, Sexton argues that she had no reason to believe that Harlow's stillbirth was caused by Dr. Flowers' or Georgetown Hospital's negligence. Thus, under the discovery rule, Sexton maintains that her claim for medical negligence was not triggered until she discovered on March 3, 2023, (through the opinion of her medical expert) of Dr. Flowers' and Georgetown Hospital's potential negligence. As she filed her claim on July 31, 2023, Sexton contends that her medical negligence claim was timely filed per KRS 413.140(1)(e).

The relevant statute of limitations is set forth in KRS 413.140, which reads, in part:

> (1) The following actions shall be commenced within one
>     (1) year after the cause of action accrued:
>
>     . . . .
>
>     (e) An action against a physician, surgeon, dentist,
>         or hospital licensed pursuant to KRS Chapter
>         216, for negligence or malpractice[.]

-13-

. . . .

> (2) In respect to the action referred to in paragraph (e) of subsection (1) of this section, the cause of action shall be deemed to accrue at the time the injury is first discovered or in the exercise of reasonable care should have been discovered; provided that such action shall be commenced within five (5) years from the date on which the alleged negligent act or omission is said to have occurred.[4]

Under KRS 413.140(1)(e), a negligence action against a physician or hospital must "be commenced within one (1) year after the cause of action accrued." And the cause of action accrues "at the time the injury is first discovered or in the exercise of reasonable care should have been discovered." *Sneed v. Univ. of Louisville Hosp.*, 600 S.W.3d 221, 226 (Ky. 2020) (quoting KRS 413.140(2)). Simply stated, a medical malpractice action accrues on "the date of the discovery of the injury, or from the date it should, in the exercise of ordinary care and diligence, have been discovered." *Wiseman v. Alliant Hosps. Inc.*, 37 S.W.3d 709, 712 (Ky. 2000).

In a medical malpractice action, the distinction between discovery of harm and discovery of injury is pivotal:

> The Restatement (Second) of Torts § 7, comment (1965), defines "harm" as "the existence of loss or detriment in

---

[4] The provision in KRS 413.140(2) regarding the five (5) year limitation period was declared unconstitutional in *McCollum v. Sisters of Charity of Nazareth Health Corp.*, 799 S.W.2d 15, 16 (Ky. 1990).

-14-

fact of any kind to a person resulting from any cause." Harm in the context of medical malpractice might be the loss of health following medical treatment. "Injury," on the other hand, is defined as "the invasion of any legally protected interest of another." Thus, injury in the medical malpractice context refers to the actual wrongdoing, or the malpractice itself. Harm could result from a successful operation where a communicated, calculated risk simply turns out poorly for the patient, although the medical treatment met the highest medical standards. *Hall v. Musgrave*, 517 F.2d 1163, 1168 (Celebrezze, J., dissenting) (6th Cir. 1975). In such case, there would be no "injury," despite the existence of "harm." Under the discovery rule, it is the date of the actual or constructive knowledge of the injury which triggers the running of the statute of limitations.

*Wiseman*, 37 S.W.3d at 712. So, to trigger the statute of limitations in a medical malpractice action, the plaintiff must have known or reasonably should have known of the injury as opposed to the harm. And the injury is "actual wrongdoing, or the malpractice itself." *Id.*

In this case, Sexton received medical treatment on October 3, 2021, Harlow was stillborn on October 24, 2021, Sexton was appointed administratrix of Harlow's estate on May 8, 2023, and the complaint was filed on July 31, 2023. The facts of this case are complicated due to the motor vehicle accident that also occurred on October 3, 2021. Sexton maintains that she reasonably believed that Harlow's stillbirth was negligently caused by the motor vehicle accident, and in the exercise of reasonable diligence, she could not have discovered the medical

-15-

negligence of Dr. Flowers and Georgetown Hospital any earlier than March 3, 2023, when informed of same by an expert witness.

From these facts, it is clear that the harm caused by Dr. Flowers' and Georgetown Hospital's alleged negligence was evident at the latest on October 24, 2021, when Harlow was stillborn. *See Wiseman*, 37 S.W.3d at 712. However, the actual injury or the malpractice of Dr. Flowers and Georgetown Hospital was not actually known by Sexton at such time, as evidenced by her affidavit. Nonetheless, in its opinion and order, the circuit court concluded that the injury manifested on October 24, 2021, as Sexton knew that Harlow was stillborn on that date. According to the circuit court, Sexton's knowledge of the stillbirth was sufficient to trigger the limitation period.

The circuit court, however, is conflating the injury with the harm in a medical malpractice action. As previously set forth, harm may often follow medical care or treatment even in the absence of negligence. For this particular reason, the limitation period is only triggered upon "the date of the actual or constructive knowledge of the injury," which is knowledge of "the actual wrongdoing, or the malpractice itself." *Wiseman*, 37 S.W.3d at 712. As Sexton had a duty to conduct a reasonably diligent inquiry into the cause of Harlow's stillbirth, the relevant inquiry is whether the medical treatment received by Sexton

would reasonably put Sexton on notice that Harlow's stillbirth could have been caused by Dr. Flowers' and Georgetown Hospital's malpractice. We think not.

The stillbirth of Harlow, in and of itself, would not put a reasonable lay person on notice of medical negligence, as stillbirths may be the result of no such negligence. And, at the time of Harlow's stillbirth, Sexton had been in a motor vehicle accident some 20 days before and reasonably believed that the stillbirth was caused by that motor vehicle accident. It is evident that the motor vehicle accident introduced an additional layer of complexity that must be considered. Therefore, we conclude that the one-year statute of limitations was not triggered upon Harlow's stillbirth on October 24, 2021, but was triggered on March 3, 2023 (when the expert witness informed Sexton that the stillbirth was possibly caused by the negligence of Dr. Flowers and Georgetown Hospital).[5] The circuit court erred by rendering summary judgment concluding that the medical malpractice claim was time-barred.

3. Loss of Consortium

Sexton and Stewart lastly contend that the circuit court erred by rendering summary judgment dismissing their loss of consortium claims as time-

---

[5] This Opinion should not be misinterpreted as holding that the statute of limitations, in a medical malpractice action, is triggered when the party discovers that she has a legal cognizable claim. *See Conway v. Huff*, 644 S.W.2d 333, 334 (Ky. 1982). Due to the unique facts of this case, Brittany D. Sexton (a/k/a Brittany D. Cook) first reasonably discovered the injury when informed by the expert witness in an unrelated action against the driver of the other motor vehicle.

barred under the one-year limitation period set forth in KRS 413.140(1)(a). For the reasons argued in the medical malpractice claim, Sexton and Stewart maintain that the limitation period was triggered when they knew or reasonably should have known that Dr. Flowers' and Georgetown Hospital's negligence may have contributed to Harlow's stillbirth. Sexton and Stewart state that they did not know or reasonable should have known that a wrong had been committed by Dr. Flowers and Georgetown Hospital at the time of Harlow's stillbirth. Rather, they were only informed of Dr. Flowers' and Georgetown Hospital's potential negligent role in the stillbirth by an expert witness on March 3, 2023. Sexton and Stewart's argument concerning the statute of limitations for the loss of consortium claims is the same as the above argument concerning the statute of limitations for the medical malpractice claim.

A loss of consortium claim based upon the wrongful death of a minor child is set forth in KRS 411.135, which reads:

> In a wrongful death action in which the decedent was a minor child, the surviving parent, or parents, may recover for loss of affection and companionship that would have been derived from such child during its minority, in addition to all other elements of the damage usually recoverable in a wrongful death action.

The statute of limitation for a loss of consortium claim is found in KRS 413.140(1)(a) and is one year. As with the underlying medical malpractice claim, the one-year limitation period of KRS 413.140(1)(a) is also triggered upon

discovery of the injury. *Thomlinson v. Siehl*, 459 S.W.2d 166, 168 (Ky. 1970). Thus, based upon our legal reasoning concerning the limitation period for the medical malpractice claim against Dr. Flowers and Georgetown Hospital, we, likewise, conclude that one-year statute of limitations of KRS 413.140(1)(a) was not triggered upon Harlow's stillbirth on October 24, 2021, but was triggered on March 3, 2023 (when the expert witness informed Sexton that the stillbirth was also possibly caused by the negligence of Dr. Flowers and Georgetown Hospital). The circuit court erred by rendering summary judgment concluding that the loss of consortium claims was time-barred.

In summary, we are of the opinion that the circuit court committed reversible error by rendering summary judgment dismissing the claims of wrongful death, medical negligence, and loss of consortium as time-barred. We, thus, reverse the circuit court's Opinion and Order dismissing the complaint and remand for proceedings consistent with this Opinion.

MCNEILL, JUDGE, CONCURS.

CALDWELL, JUDGE, CONCURS IN RESULT ONLY.

BRIEFS FOR APPELLANT:

Matthew A. Gore
Anthony T. Colyer
Robert D. Walker, II
Louisville, Kentucky

BRIEF FOR APPELLEE COY
ALDEN FLOWERS, M.D.:

Karen L. Keith
Virginia Leigh Schell
Louisville, Kentucky

BRIEF FOR APPELLEE
GEORGETOWN COMMUNITY
HOSPITAL, LLC:

B. Todd Thompson
Joseph A. Wright
Elizabeth F. Ousley
Louisville, Kentucky