**Eugene HANEY and Beverly Haney, Appellants,**

v.

**COMMONWEALTH OF KENTUCKY, TRANSPORTATION CABINET, and Kentucky Board of Claims, Appellees.**

No. 96–SC–798–DG.

Supreme Court of Kentucky.

Dec. 18, 1997.

———

John David Preston, Robert G. Miller, Jr., Perry, Presto and Miller, Paintsville, for Appellants.

Andrew Martin Stephens, Lexington, for Appellees.

GLEN BAGBY, Special Justice.

This appeal concerns whether KRS 44.070(1) requires reduction of an award by the Board of Claims for Social Security disability benefits to be received by the claimant from Social Security. We hold that the express provisions of the statute require the reduction.

Eugene Haney and Beverly Haney filed a Board of Claims proceeding as the result of a March 8, 1989, accident in Johnson County, Kentucky. Mr. Haney was injured when a boulder fell from a cliff upon which the Transportation Cabinet was conducting a tree cutting operation. Mr. Haney was stopped in traffic when the boulder fell, damaging the truck and causing him personal injuries.

The hearing officer entered Findings of Fact and conclusions of Law after a hearing. The hearing officer found the following damages: damage to truck ($2,000); past medical bills ($1,263); future medical bills ($16,100); and impairment of power to earn money (loss of future earnings) in excess of $100,000.

The hearing officer further found:

As previously mentioned, Eugene Haney has received and will continue to receive payments which qualify as collateral source payments and total over One Hundred Thousand Dollars ($100,000). This must be offset from any award made (as to loss of earnings) in regard to the claim within. . . .

On appeal to the Johnson Circuit Court, judgment was entered in favor of Haney for the truck damage ($2,000), the past medical expenses ($1,263) and future medical expenses in the amount of $16,100. This appeal was taken by the Transportation Cabinet only from that portion of the judgment for future medical expenses; no appeal having been taken from so much of the judgment as awarded the damage to the truck ($2,000) or the past medical expenses ($1,263), that portion of the judgment shall be affirmed.

While the appeal was pending, this Court handed down *Commonwealth of Kentucky, Transportation Cabinet, Bureau of Highways v. Roof,* Ky., 913 S.W.2d 322 (1996), and the case was remanded to the Court of Appeals of Kentucky for reconsideration. On remand, the Court of Appeals reversed the Order and Judgment of the Johnson Circuit Court for future medical bills of $16,100.

In *Roof,* this Court held:

As a first matter, we reiterate that the Commonwealth is under no obligation to make payment to injured parties because of the protections provided by the doctrine of sovereign immunity. Ky. Const. § 231. It is the province of the General Assembly to waive immunity, if at all, and only to the extent it sees fit. Currently, the maximum award available in the Board of Claims is $100,000.00, regardless of actual loss.

Under KRS 44.070(1), the General Assembly provided that:

[A]ny damage claim awarded shall be reduced by the amount of payments received or right to receive payment from workers' compensation insurance, *social security programs,* unemployment insurance programs, medical, disability or life insurance programs or other federal or state or private program designed to supplement income or pay claimant's expenses or damages incurred.

\* \* \* \* \* \*

As such, we can reach no conclusion other than that the General Assembly has seen fit to reduce damages awarded by the Board of Claims by sums received from private insurance. *Roof,* at page 325. (Emphasis added.)

In *Roof,* this Court held that the clear language of the statute required a reduction for basic reparation benefits from the maximum award available of $100,000, regardless of actual loss. The General Assembly has not changed the statute since *Roof.*

In his brief, Haney takes no exception to the finding by the hearing officer, quoted above, that the value of the "collateral source payments" from the Social Security disability program totals over $100,000. The issue raised by Haney is whether this $100,000 must be offset, not only against damages for loss of future earnings (found to be in excess of $100,000), but also against damages for future medical bills ($16,100).

In *Roof,* we held that the clear language of KRS 44.070(1) required reduction from the maximum award available ($100,000) for basic reparation benefits and sums received from private insurance. This Court now holds that the clear language of the statute ("payments received or right to receive payment from . . . social security program") requires reduction from the maximum award available for Social Security disability payments.

On this appeal, Haney argues that Social Security disability benefits should offset only loss of earnings and not future medical bills. The reasoning of this Court in *Roof* equally applies here:

While such an agreement appeals to our sense of equity, we must nonetheless affirm the Court of Appeals. The intent of the General Assembly is evident from the language of the statutes it enacted, and it is within its prerogative to impose such limitations and reductions as it sees fit. . . . The question presented is exclusively one of statutory construction and the language is clear. We are bound by the chosen words of the General Assembly. *Roof,* at page 326.

Thus, as the unchallenged finding of the hearing officer was that the value of the Social Security disability benefits totaled over $100,000, so much of the judgment of the Johnson Circuit Court which awarded $16,100 for future medical bills must be reversed. As the Transportation Cabinet did not appeal the awards for damage to truck ($2,000) and past medical bills ($1,263), those portions of the judgment shall stand.

The decision of the Court of Appeals is affirmed, and this case is remanded to the Johnson Circuit Court for proceedings in conformity with this opinion.

COOPER, JOHNSTONE and LAMBERT, JJ., concur.

STUMBO, J., dissents in a separate dissenting opinion in which GRAVES and WINTERSHEIMER JJ., join.

STEPHENS, C.J., not sitting.

STUMBO, Justice, dissenting.

Respectfully, I must dissent. KRS 44.070(1) provides in pertinent part:

A Board of Claims . . . is created and vested with full power . . . to compensate persons for damages sustained to either person or property. . . . [A]ny damage claim awarded shall be reduced by the amount of payments received . . . from . . . social security . . . designed to supplement income or pay claimant's expenses or damages incurred.

This statute is designed to preclude double recoveries by those injured by the state's negligence. To accomplish this result, it requires a reduction in the amount of the award only when the certain itemized collateral sources duplicate payment for the damages awarded. Here, there was no award by the Board of Claims for the lost wages or loss of power to earn income that the Social Security disability benefits Appellant receives is designed to compensate. The only element of Appellant's loss at issue here is the future medical expenses he faces. As the Board so carefully set out in its opinion, there is no other program, public or private, or any insurance, held by either Appellant or any other person to pay for that expense.

The legislature, in drafting this statute, recognized that an injured person may file a claim for more than one type of damage, such as personal injury, property loss, loss of income, or additional expenses as a result of the injury. In specifying that "any damage claim awarded shall be reduced" by payments from a collateral source for "income," "expenses," or "damages," it acknowledged that there may be different payment sources for each type of claim. Had the legislature intended to require an offset of payments received in gross against all damages awarded, it would not have been necessary to detail the various types of damages and sources of payments. Interpreting this statute to require a reduction in an award when there is no double recovery, leads to an unjust result that is neither necessary or in accord with legislative intent. We wrongly decided *Roof,* and we compound our error here.

GRAVES and WINTERSHEIMER, JJ., join this dissenting opinion.