RENDERED: MAY 23, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1444-MR

COMMONWEALTH OF KENTUCKY
TRANSPORTATION CABINET AND
KENTUCKY BOARD OF CLAIMS                                    APPELLANTS


                        APPEAL FROM FLOYD CIRCUIT COURT
v.              HONORABLE JOHNNY RAY HARRIS, JUDGE
                        ACTION NO. 22-CI-00594


EMILE LACKEY                                                            APPELLEE


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  COMBS, A. JONES, AND McNEILL, JUDGES.

McNEILL, JUDGE:  On the evening of February 23, 2019, Appellee, Emile

Lackey (Ms. Lackey) was driving northbound along a state-maintained two-lane

rural roadway in Prestonsburg, Kentucky.[1]  As a result of heavy thunderstorms and

rainfall, water had gathered on the roadway.  Upon impact with the standing water,

---

[1] The Estate of Emile Lackey is listed as the Plaintiff/Appellee in the Notice of Appeal.
However, we will refer to her herein by her name.

Ms. Lackey lost control of her vehicle and collided with a truck traveling in the southbound lane. She sustained serious injuries including neurocognitive disorder.

Ms. Lackey filed a petition in the Kentucky Board of Claims (Board), against Appellant, the Commonwealth of Kentucky Transportation Cabinet, (Cabinet). After an evidentiary hearing, a Recommended Order was issued by the hearing officer. The order did not address liability because the hearing officer determined that any award Ms. Lackey may receive would be offset by reductions required by statute. KRS[2] 49.130(2). The Board issued an eighteen-page order ultimately adopting and modifying the Recommended Order. Ms. Lackey appealed to the Floyd Circuit Court, which reversed in part. The court, relying on a dissent in *Boarman v. Commonwealth*,[3] determined that the Board had incorrectly applied the offset provision and remanded to the Board finding that Ms. Lackey's maximum recovery amount would be $78,578.89. The Cabinet appeals to this Court as a matter of right. For the following reasons, we reverse.

---

[2] Kentucky Revised Statutes

[3] 37 S.W.3d 759 (Ky. 2001). *See also Commonwealth, Transportation Cabinet, Bureau of Highways v. Roof*, 913 S.W.2d 322 (Ky. 1996), "[T]he Commonwealth is under no obligation to make payment to injured parties because of the protections provided by the doctrine of sovereign immunity. KY. CONST. § 231. It is the province of the General Assembly to waive immunity, if at all, and only to the extent it sees fit.").

## STANDARD OF REVIEW

Our standard of review on appeals from the Board of Claims is determined, and limited, by statute. KRS 49.160 provides that we "shall review only the matters subject to review by the Circuit Court and also errors of law arising in the Circuit Court and made reviewable by the Rules of Civil Procedure, where not in conflict with KRS 49.040 to 49.180." The circuit court's review is confined to four grounds which are whether: (1) the Board acted without or in excess of its powers; (2) the award was procured by fraud; (3) the award is not in conformity to the provisions of KRS 49.040 to 49.180; and (4) the findings of fact support the award. KRS 49.150. Because of this limited review, "[a] court may not substitute its own judgment for that of the Board when the findings and conclusions are not clearly erroneous." *Department for Human Resources v. Redmon*, 599 S.W.2d 474, 476 (Ky. App. 1980) (citations omitted).

## ANALYSIS

The statutory maximum any party may receive in Board claims is $250,000.00. KRS 49.040(1). The Cabinet raises one issue on appeal; that the circuit court erred in failing to reduce the potential damage award by collateral sources under KRS 49.130(2):

> [A]ny damage claim awarded shall be reduced by the
> amount of payments received or the right to receive
> payment from workers' compensation insurance, Social
> Security programs, or other federal, state, or private

programs designed to supplement income or pay claimant's expenses or damages incurred.

The Board engaged in an extensive analysis of the facts and determined the following collateral sources of income:

$250,000.00 – Statutory maximum

($150,221.11) – Wellpath (Medicaid)
($10,000.00) – Personal injury automotive protection insurance
($11,200.00) – Supplemental Security Income Benefits (SSI) **prior payments**
($78,578.89) – Supplemental Security Income Benefits (SSI) **future payments**[4]
= $0.00

Ms. Lackey does not dispute the calculation of these sums. The only question is whether future SSI payments are deductible. The Board answered in the affirmative, and the circuit court disagreed. We agree with the Board. SSI is permitted and governed by Title 42, Chapter 7 of the United States Code Annotated (U.S.C.A.). That chapter is titled "Social Security." Subchapter XVI concerns SSI. 42 U.S.C.A. § 1381 *et seq.* Therefore, Ms. Lackey's SSI benefits are unequivocally "payments received or the right to receive" under "Social Security programs" pursuant to KRS 49.130(2). The following proves instructive:

---

[4] To be clear, the Board determined that, at $550.00 in SSI payment per month, multiplied by her estimated life span of 82 years (not disputed here), would greatly exceed the statutory maximum. $78,578.89 is representative of the point at which future SSI offsets would equal zero, thus functionally negating any award Ms. Lackey may have received.

the Court analyzed KRS 49.130(2) in the context of **social security disability benefits** in *Haney v. Commonwealth, Transportation Cabinet*, 958 S.W.2d 310 (Ky. 1997). The Board awarded Haney $16,100 for future medical bills following an injury caused by the Transportation Cabinet's negligence. By that time, Haney had received over $100,000 in social security benefits [the statutory maximum at the time]. Before the Supreme Court, Haney argued his Social Security disability benefits, which were designed to compensate for impairment of power to earn income, should not offset his damages for future medical bills. Citing [*Commonwealth Transp. Cabinet, Bureau of Hwys. v. Roof*, 913 S.W.2d 322 (Ky. 1996)], the Court held "the clear language of the statute ('payments received or right to receive payment from . . . social security program') requires reduction from the maximum award available for Social Security disability payments. *Haney*, 958 S.W.2d at 311.

*Findley v. W. Kentucky Univ.,* 690 S.W.3d 170, 178 (Ky. App. 2024) (emphasis added). In this same vein, SSI benefits are also a collateral source of income subject to offsetting by the Board. This includes past and future benefits. We conclude by reiterating a common refrain in these types of cases: "[w]hile we still believe that the result seems unfair, we also still conclude that the intent of the General Assembly is clear, and we are bound by their words." *Boarman,* 37 S.W.3d at 763.

## CONCLUSION

For the foregoing reasons, the Floyd Circuit Court is hereby REVERSED. We REMAND for proceedings consistent with this Opinion.

-5-

ALL CONCUR.


BRIEF FOR APPELLANTS:

Marlin Jones
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Earl M. McGuire
Prestonsburg, Kentucky